STATE *v.* PAINT ROCK COAL, ETC., CO.

(*Knoxville.* November 18, 1892.)

CONSTITUTIONAL LAW. *Statute void as authorizing imprisonment for debt.*

A statute is unconstitutional as "authorizing imprisonment for debt in civil cases" which declares it a misdemeanor punishable by fine for any person to refuse to cash or redeem in lawful currency his check or scrip when presented within thirty days after its issuance.

Constitution construed: Art. I., Sec. 18.

Acts construed: Acts 1887, Ch. 209.

---

FROM SCOTT.

---

Appeal in error from Circuit Court of Scott County. S. A. ROGERS, J.

Attorney-general PICKLE for State.

WASHBURN & TEMPLETON for Company.

W. A. HENDERSON, Sp. J. At the July term, 1891, the grand jurors for Scott County returned an indictment against the Paint Rock Coal and Coke Company, consisting of two counts, in substance as follows:

*First.*—That the said defendant refused "to cash a certain check of its own that was presented it within thirty days of its date of issuance."

6—8 P

*Second.*—That the said defendant "did unlawfully refuse to redeem, in lawful currency, a certain check of its own which said Paint Rock Coal and Coke Company had issued."

To this indictment the defendant interposed a motion to quash, and set forth the following grounds:

*First.*—Because no criminal offense is alleged in the indictment.

*Second.*—Because the Act of 1887, under which this indictment was drawn, is unconstitutional, in that it impairs the obligation of the contract, and attempts to imprison the defendant for refusing to pay a debt.

On the hearing of the questions thus presented, his Honor, the Circuit Judge, sustained said motion and quashed said indictment. The State appeals to this Court.

Passing over the objections to the form of the indictment, which contains no identification or description of the check complained of, the law of the case is involved in the second ground of the motion to quash.

The Act of March 29, 1887, enacts that from and after the passage of that Act it would be unlawful for any person or persons, firms or corporations or companies, to refuse to cash any checks or scrip of their own that may be presented them within thirty days of its date of issuance, and that any such person who should refuse to redeem, in lawful currency, any such

checks or scrip would be guilty of a misdemeanor, and, upon conviction, should be fined not less than ten nor more than twenty-five dollars for each offense. In other words, that when any person who owed a debt which was evidenced by check or scrip issued by him, did not cash the same within thirty days of its issuance, he would be guilty of a misdemeanor, and fined accordingly, which judgment, of course, under the general law, would be liable to be enforced by confinement in the work-house.

The question is whether or not that Act is violative of the fundamental law of the land. If this statute, and the indictment under it, can be maintained, any citizen, corporation, or company drawing a check or giving a written order, in good faith, in favor of any person, and failing, for any reason, to pay the same, or to redeem it in currency, if presented in thirty days, is guilty of a crime for which he may be punished by imprisonment.

Section 18 of Article I. of the Constitution of this State provides: "The Legislature shall pass no law authorizing imprisonment for debt in civil cases." The Act of the Legislature in question, while not directly authorizing imprisonment for debt, does attempt to create a crime for the non-payment of debts evidenced by check, scrip, or order, and for such crime provides a penalty, which may or may not be followed by imprisonment. In that way and for that reason the Act

State *v*. Paint Rock Coal, etc., Co.

is violative of the spirit if not the letter of the constitutional provision above cited. It is an indirect imposition of imprisonment for the nonpayment of debt, and is, therefore, clearly within the constitutional inhibition.

Affirm the judgment.