## LAMAR *v.* THE STATE.

1. An act of the General Assembly, approved August 15, 1903, provides that if any person shall contract with another to perform for him services of any kind, with intent to procure money or other thing of value thereby, and not to perform the service contracted for, to the loss and damage of the hirer, or, after having so contracted, shall procure money or other thing of value from the hirer, with intent not to perform the service, to the loss and

damage of the hirer, he shall be deemed a common cheat and swindler, and shall be punished as for a misdemeanor. *Held,* that such act does not violate the constitutional inhibition against imprisonment for debt; the legislative purpose being, not to punish for a failure to comply with the obligation, but for the fraudulent intention with which the money or other thing of value is procured.

2. The evidence warranted the verdict, and there was no abuse of discretion in refusing to grant a new trial.

Submitted May 16, — Decided June 8, 1904.

Accusation of misdemeanor. Before Judge Griffin. City court of Valdosta. April 15, 1904.

*Wilcox & Johnson,* for plaintiff in error.

*S. M. Varnedoe, solicitor,* contra.

COBB, J. The accused was prosecuted under the provisions of the act approved August 15, 1903 (Acts 1903, p. 90), which are set forth in the first headnote. In *Calhoun's* case, 119 *Ga.* 312, which was also a prosecution under this act, no question as to the constitutionality of the act was raised, but attention was there called to the fact that the legislation was probably the result of prior decisions of this court under the laws in reference to cheating and swindling. In addition to the cases cited in *Calhoun's* case, see *Edge* v. *State,* 114 *Ga.* 113. In the present case the accusation was demurred to on the ground that the act provided for imprisonment for debt; and if this objection is well taken, the act is void. Civil Code, § 5718. If the act prescribes a punishment for a simple violation of a contractual obligation, it is beyond the power of the General Assembly. But if its purpose is to punish for fraudulent and deceitful practices, it is valid, even though the fraud or deceit may arise from the failure to comply with a contractual engagement. Fraudulent practices which resulted in one obtaining the money or property or another were, in a number of instances, denounced as crimes by the common law; and by statute both in England and in this country a number of such practices have been declared to be crimes, although the particular practice was not embraced within the definition of any common-law offense. The right of the lawmaking power to declare fraudulent practices a crime does not seem to have ever been seriously questioned. The various sections embraced in the chapter of our Penal Code which deals with the subject of cheats and swindlers show that not only are many of the fraudulent practices which

were condemned at common law still crimes in this State, but that the General Assembly has from time to time created other offenses which are based upon such practices.  See Penal Code, §§ 658 et seq.  The General Assembly can not, under the guise of a statute creating a criminal offense, imprison one who has failed to pay a debt; but if one in becoming a debtor perpetrates upon another a fraudulent practice, it is not beyond the province of the lawmaking power to denounce as a crime the fraudulent practice and imprison him who has been guilty of the practice, notwithstanding he may be at the same time under the obligation of a debtor to him upon whom the fraud was perpetrated.  It is reasonably clear that in enacting the statute now under consideration, the legislative purpose was not to punish one simply for a failure to pay a debt, but was to punish the act of securing the money or property of another with a fraudulent intent not to perform the service the promise to do which was the consideration for such money or property.  This distinguishes the present case very clearly from that of State v. Coal Company, 92 Tenn. 81, 36 Am. St. Rep. 68, which was cited and relied on by the plaintiff in error.  Nor does our decision necessarily conflict with that in Carr v. State, 106 Ala. 35, 54 Am. St. Rep. 1, also cited by the plaintiff in error. The court construed the statute involved in that case in such a way as to make its chief purpose the collection of a debt by duress of imprisonment; and if this construction was right, the conclusion inevitably followed.  Our statute is not susceptible of such a construction.    There was no error in overruling the demurrer: The evidence authorized the verdict, and no reason appears for reversing the judgment.

Judgment affirmed.    All the Justices concur.