## TOWNSEND *v.* THE STATE. TOWNSEND *v.* BROACH.

1. The act approved August 15, 1903 (Acts 1903, p. 90), entitled "An act to make it illegal for any person to procure money, or other thing of value, on a contract to perform services, with intent to defraud, and to fix the punishment therefor, and for other purposes," is not repugnant to the constitution of Georgia, nor to the constitution of the United States, for any of the reasons assigned in the demurrer to the accusation based upon a violation of the terms of said act.

2. But, the verdict being without evidence to support it, the court erred in not granting a new trial.

3. Inasmuch as the act above referred to was not void as being unconstitutional, the detention of the defendant under the sentence of the court upon his conviction of the offense of being a common cheat and swindler under the provisions of said act was not illegal.

Argued October 16,—Decided November 9, 1905.

Accusation of cheating and swindling. Before Judge Hamilton. City court of Floyd county. July 22, 1905.

*H. F. Sharp*, for plaintiff in error.

*W. H. Ennis, solicitor-general*, contra.

BECK, J. Townsend was accused of being a common cheat and swindler under the provisions of the act approved August 15, 1903 (Acts 1903, p. 90), the accusation charging, that, after having contracted to perform certain services for the prosecutor, he procured money and other things of value from him, with intent not to perform the services, "to the loss and damage of" the prosecutor. The accused demurred to the accusation, on the ground that it did not set out with sufficient certainty the articles of merchandise alleged to have been advanced. He also demurred on the ground that the statute under which the defendant was accused was void, being contrary to the principles contained in art. 1, sec. 1, par. 17, of the constitution of Georgia, as well as contravening the Federal constitution, and violating the law in reference to peonage as contained in section 5526 of the United States Compiled Statutes. Both demurrers were overruled, to which the defendant excepted pendente lite, and the case proceeded to a trial. Upon the hearing the prosecutor testified that under the contract referred to in the accusation he was to furnish the accused with twenty-five acres of land and a mule, the accused was to furnish the labor and supplies, and they were to divide the proceeds of the crop. It was further agreed that the prosecutor was to procure the supplies for the defendant, and that the defendant was to pay him for them out of the defendant's share of the crop. The prosecutor also testified, "He rented the land from me and agreed to cultivate the land on the halves." The defendant in his statement contended that he had rented the land from the prosecutor; and that as to the money he had gotten from the prosecutor, he intended to work for one Hight in order to get money with which to pay it—that he was thus at work for Hight when he was arrested. The jury returned a verdict of guilty. The defendant made a motion for a new trial, upon the general grounds, and because the court refused written requests to give in charge the following: "A cropper is not a hirer in the sense of the statute." "Confinement in jail is a good and sufficient excuse for not complying with his contract." "Before you can convict, the State must show that before the defendant was confined in the jail of Floyd county that the time had come when the money was to be paid, or the labor performed." The court overruled the motion, and the defendant excepted.

1. The contention of the plaintiff in error that the court erred

in overruling his demurrer upon all the grounds thereof, which are substantially set forth above, is settled adversely to him by the ruling of this court in the case of *Lamar* v. *State*, 120 *Ga.* 312. The ruling in that case is clearly adverse also to his contention that the act approved August 15, 1903, (Acts 1903, p. 90) is repugnant to peonage statutes, "for that its ultimate object is imprisonment for debt." "It is reasonably clear that in enacting the statute now under consideration, the legislative purpose was not to punish one simply for a failure to pay a debt, but was to punish the act of securing the money or property of another with a fraudulent intent not to perform the service the promise to do which was the consideration of such money or property. . . Our statute is not subject to such a construction." *Lamar* v. *State,* supra; *Banks* v. *State,* ante, 15.

2. But while the court properly overruled the demurrer to the accusation, the contention of plaintiff in error in his motion for a new trial, that the verdict in the case was contrary to the evidence and to the law, contains, as it seems to us, an assignment of error that is meritorious. Under the prosecutor's own testimony the relation between him and the plaintiff in error was not one of hirer and employee or of landlord and cropper, but was that of landlord and tenant. There is nothing in the record to show that the relation of landlord and cropper existed between the prosecutor and the accused. It is true that the prosecutor did testify that he was "to furnish supplies," but in immediate connection with this it is disclosed that he meant by the expression, "furnish supplies," that he was to let the defendant have them on credit, the latter being expected to pay for them out of his half of the crop. That the contract between them was one of rental is shown also very clearly by the defendant's statement, which is substantially in accord with the testimony of the prosecutor. And the court should have granted a new trial on the ground that the verdict was contrary to law and the evidence.

Except as indicated in the above, no errors of law were committed.

3. Subsequently to the conviction of the defendant he filed his petition for habeas corpus against Broach, deputy sheriff and jailer of Floyd county, alleging that his conviction and the ensuing sentence against him were void upon the same grounds as those set forth in the demurrer. The court denied the petition and refused the writ; to which ruling the plaintiff in error excepted and by

writ of error brought said ruling to this court for review. It follows from what we have said in the first division of this opinion that there was no error in the court's action and judgment upon the petition for habeas corpus.

*Judgment in the one case reversed; in the other affirmed. All the Justices concur.*