## STERLING v. THE STATE.

·COBB, P. J. 1. The gravamen of the offense defined by the act of 1903 (Acts 1903, p. 90), declaring it illegal for any person to procure money or other thing of value on a contract to perform services, with intent to defraud, is the fraudulent intent, which exists at the time of the advance, not to perform the services contracted for. *Lamar. v. State,* 120 *Ga.* 312.

:2. When, in a prosecution under the act above referred to, it appears from the evidence that a contract for services was made and money and other things of value were advanced to the servant who went to work under the contract, and thereafter a disagreement arose between the employer and the servant as to the character of the work embraced in the contract, and as a result of this disagreement a quarrel arose between them .and the servant left the employer on account of threats of violence made by the employer, the presumption arising under the act that he pro- ·cured the goods with fraudulent intent was overcome, and a verdict finding the defendant guilty was unauthorized.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 16,—Decided July 28, 1906.

Accusation of cheating, etc. Before Judge Freeman. City ·court of Newnan. June 11, 1906.

*W. L. Stallings,* for plaintiff in error.

*W. G. Post, solicitor,* contra.