## FORD v. SOUTHERN RAILWAY.

PLEADINGS—RAILROADS—CHARGE.—An allegation that a passenger who was ignorant of the road and its stations was induced to get off at wrong station by conductor saying to her, "This is your place to get off," and taking out her baggage, is supported by testimony tending to show that a flagman, whose duty it was to assist the conductor in putting off passengers, induced her to get off at wrong station, and instruction to jury as to negligence in failure to call out station, there being no evidence to support it, in view of whole charge, would hardly mislead the jury into an issue foreign to the case.

Before HYDRICK, J., Lexington, January, 1906. Affirmed.

Action by Alice and Furman Ford against Southern Railway. From judgment for plaintiff, defendant appeals.

*Messrs. E. M. Thomson* and *W. H. Sharpe,* for appellant. *Mr. Thomson* cites: *Judge must charge law applicable to case:* Con., art. IX., sec. 26; 47 S. C., 521.

*Mr. G. T. Graham,* contra, cites: *Charge must be construed as a whole:* 22 S. C., 182; 37 S. C., 343; 20 S. E., 84; 57 S. C., 280; 52 S. C., 166; 54 S. C., 498; 29 S. C., 303. *Charge on issue not supported by evidence is harmless error:* 34 S. C., 217; 70 S. C., 315; 62 S. C., 130; 50 S. C., 259; 52 S. C., 224; 29 S. C., 303; 73 S. C., 148; 70 S. C., 360.

October 11, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff, Mrs. Alice Ford, with her seven infant children, on June 19, 1905, boarded defendant's train at Augusta, Ga., as passengers for Fredonia, Lexington County, S. C., and she alleges that defendant company, through its agent, negligently and wilfully caused her and the children to leave the train at Ridge Spring, S.

C., where she was compelled to remain without means or food until 3 o'clock that night before she could resume her journey, whereby she was distressed in mind and body and made ill, to her damage $2,000. The jury rendered a verdict in favor of plaintiff for $500, and from the judgment thereon defendant appeals upon one exception to the instructions given to the jury. The defendant requested the Court to charge the jury: "If the plaintiff has failed to prove by the preponderance of the evidence that the conductor caused her to leave the train at Ridge Spring, as she alleges, your verdict must be for defendant company." Responding to this request, the Court charged: "I say it must be for the defendant company as to the matter of punitive damages. If she has failed to prove by the preponderance of the evidence that the conductor caused her to leave the train at Ridge Spring, as she alleges, your verdict must be for the defendant on the matter of punitive damages, but I could not charge that proposition as to the other damages. If he negligently failed to call out the station, or if he did not, and she thinking that she had reached her destination got off at the wrong place, it would be a question for you to say whether her getting off was due to the negligence of the company in failing to call out the station, and hence I make that modification of that request."

The specifications of error are:

1. That the request was correct and applicable.

2. That there was no allegation of negligence in failing to call out the station of Ridge Spring, and the charge, therefore, injected an issue foreign to the pleadings.

3. That plaintiff's destination being Fredonia, defendant owed her no duty to call out the Ridge Spring station.

4. That the charge allowed recovery of damages if the conductor did not call out the station of Ridge Spring and plaintiff got off at the wrong station, thinking she had reached her destination.

While the exception seems plausible at first glance, its force vanishes on a view of the whole record. The allega-

tions of the complaint sufficiently appear from paragraph 7, which we quote as follows:

"That upon reaching the said Ridge Spring station, the conductor of said train, who was the agent and servant of the defendant, and acting within the scope of his authority as such, approached plaintiff, Alice Ford, who was an absolute stranger, had never traveled over said railroad and knew nothing about the stations along it, and said to her: 'This is your place to get off,' and gathered up a package or basket that belonged to her, and she then and there told him that she wanted to get off at Fredonia, and thereupon the said conductor again said to her: 'This is your place,' and carried her said package or basket out of the car and placed it on the ground, telling her to get off the train, and caused her to leave said train at Ridge Spring, and from the statements and representations so made to her by said conductor she believed that she was at Fredonia, and did not know the contrary until after said train had left, when to her great astonishment she was informed that she was at Ridge Spring; that immediately after inducing plaintiff, Alice Ford, to get off said train, the said conductor, who was the agent and servant of the defendant, and acting within the scope of his authority as such, caused said train to move off rapidly, carrying away her trunk and leaving her and her said infant children at Ridge Spring aforesaid, and thereby prevented her from reaching Fredonia on said train."

While there is no allegation of negligence in the usual call of stations, the specific allegation is that the conductor said to her as the train reached Ridge Spring, "This is your place to get off," although he knew that her destination was Fredonia, thereby inducing her to leave the train at the wrong station. It was, therefore, wholly immaterial to her case how the ordinary call of stations was made, if the conductor, or any one authorized to aid in assisting passengers off the train, negligently or wilfully misinformed her as to her station, and, ignorant of the error and relying on the information, she got off at the wrong station, to her injury. The

allegation in the complaint that the conductor did the various acts which caused her to leave the train at the wrong station, would be supported by testimony which tended to show that any agent of the defendant, whose duty it was to assist the conductor in putting passengers off the train, induced her to get off at the wrong station.    The plaintiff and her daughter testified that it was the conductor who said, "This is your place to get off," and carried out a part of the baggage and assisted her off; whereas, the evidence on behalf of the defendant was to the effect that the conductor on reaching Ridge Spring immediately left the train to attend to a heavy shipment of peaches by express, leaving his flagman to assist the passengers.    The flagman testified that he carried out a part of plaintiff's baggage and assisted her off the train, but did not tell her anything about that being her station, but on the contrary called out "Ridge Spring," and that he did not know that Fredonia was her station.    Inasmuch, however, as plaintiff's testimony charged the one who assisted her from the train as being the one who gave her the wrong information and the testimony for defendant showed that the person who assisted her was the flagman, the evidence made it possible for the jury to take the view that plaintiff, being a stranger to the parties and engrossed with the care of her children, was mistaken in supposing it was the conductor who misinformed her, but that it was the flagman assisting the conductor who did so, and thereby caused her to leave the train at the wrong station.    Under this view it would have been error to charge the jury unqualifiedly to the effect that plaintiff had no case unless she proved that the conductor himself caused her to leave the train; whereas, the real question was whether the defendant company by its agents wrongfully caused her to leave by giving misleading information as to her station.    While possibly the Circuit Court was inexact in its modification of the erroneous request to charge in not distinguishing between negligence in failure to give the usual station call and negligence in giving misleading information as to a passenger's station, we cannot

19—75

think the jury were thereby misled into an issue foreign to the case in view of the whole charge. The Circuit Court charged the jury explicitly, "The burden is upon the plaintiff to prove to your satisfaction by the greater weight of the evidence the allegations of her complaint." Again, the Court charged, "The burden is upon her to make out her complaint by the preponderance of the evidence. She must prove it to your satisfaction that the railroad was guilty of negligence, etc." All of which shows that the Court strove to confine the issues to those raised by the pleadings.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE WOODS. I concur, and think this remark should be made in addition to the reasons for affirmance stated by Mr. Justice Jones. There was evidence that the stations, including Ridge Spring, were called in the usual way, and there was no evidence whatever to the contrary. It is not, therefore, to be presumed that the jury found a verdict on an issue erroneously submitted to them not only unsupported by any evidence but opposed to all the evidence on the subject. The presumption is that they found against the defendant on the allegation which plaintiff offered positive evidence to support, namely: that she was misled by a special call or direction of the conductor or brakeman to her to get off before she reached her destination.