## VANCE v. THE STATE.

1. The act of August 15, 1903 (Acts 1903, p. 90), entitled  "An act to
   make it illegal for any person to procure money, or other thing of
   value, on a contract to perform services, with intent to defraud, and to
   fix the punishment therefor, and for other purposes," is not repugnant to
   clause 1, section 14, article 8 of the constitution of the United States,
   which declares that no State shall deny to any person within its juris-
   diction the equal protection of the laws.
2. That the person contracted with, and for whom services were to be
   performed, and from whom advances are alleged to have been fraudu-
   lently procured, is permitted to testify, while the person accused of
   having committed the offense described in the act is not permitted to
   testify, does not render the act obnoxious to the constitutional pro-
   vision referred to in the preceding note.
3. Nor is the act unconstitutional because it does not on its face declare
   what measure of proof shall be sufficient to overcome the disputable
   presumption which it is declared in the second section shall arise on
   proof of certain facts.
4. The act in question is a general law, and is not in conflict with para-
   graph 1, section 4, article 1 of the constitution of this State, which

declares that laws of a general nature shall have uniform operation throughout the State.

5. Nor is it repugnant to paragraph 5 of section 1 of article 1 of the constitution of this State, which provides that the accused shall have a public and speedy trial by an impartial jury, on the ground that it declares that from proof of certain facts a disputable presumption of fraudulent intent arises.

6. The act of 1903 does not repeal section 1033 of the Penal Code, which provides that "On the trial of all criminal cases the jury shall be the judges of the law and the facts." Upon the whole case the jury still determines the guilt or innocence of the accused. The establishment by the legislature of a rule for presuming intent, from acts carrying such intent into effect, does not violate paragraph 17, section 7 of article 3 of the constitution of the State, which declares that "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."

Submitted May 6,—Decided July 11, 1907.

The Court of Appeals certified to the Supreme Court the following questions:

"It appearing to the court that the decision of a constitutional question, within the purview of the constitutional amendment creating the Court of Appeals, is necessary to the proper determination of this case, to wit:

"Is the act of the General Assembly, approved August 15, 1903 (Georgia Laws, 1903, pp. 90 and 91), entitled 'An Act to make it illegal for any person to procure money, or other thing of value, on a contract to perform services, with intent to defraud, and to fix the punishment therefor, and for other purposes,' either as a whole, or as to the second section thereof, unconstitutional for any of the following reasons?

"For that it is repugnant to and contravenes the following portions of the constitution of the United States, to wit: clause 1 of section 14 of article 8 (contained in the Civil Code, § 6030), first, as to the portion of said article wherein it is provided that 'no State shall . . deny to any person within its jurisdiction the equal protection of the laws,' upon the contention that in the class of contracts dealt with and contemplated by said act of 1903, the person or persons contracting to perform the services are denied, as against the person or persons for whom such services are to be rendered, the equal protection of the laws, in that it subjects the

former, under certain contingencies, to prosecution and punishment, and at the same time affords the latter absolute immunity from prosecution or punishment by reason of any infraction of said contractual obligations; also in that the person contracted with and for whom services are to be rendered is permitted to testify to a state of facts which by said act are declared to be sufficient to carry the presumption of fraudulent intent, whereas the accused is not permitted to testify, and under said act has no opportunity or means equal to that afforded to the person contracted with, and by said act such equal means and opportunity are denied him, of proving that no fraudulent intent existed at the time of making such contract or at the time of procuring money thereon, and no measure of proof is by said act laid down by which such presumption may be overcome.

"Also for that it is repugnant to and contravenes paragraph 1 of section 4 of article 1 of the constitution of the State of Georgia (contained in the Civil Code, §5732), and especially that portion of said constitutional provision as follows: 'Laws of a general nature shall have uniform operation throughout the State,' etc., in that while said act of 1903 purports to be a law of general nature, and essentially is a law of general nature, under its terms and provisions it is not a law of uniform operation throughout the State, in that it singles out and deals with a given nature of contracts, and prescribes, with reference to such nature of contracts, different rules, different conditions, and different penalties from all other contracts of whatever nature; also in that it is not of uniform operation upon all parties to such contracts as are dealt with and contemplated by said act, but imposes greater burdens, and subjects the person or persons who ·contract to perform services to prosecution and punishment, under certain conditions as named in the act as quoted, while affording to the person or persons for whom such services are to be performed absolute immunity from prosecution and punishment, and placing upon them no burdens because of an infraction of their contractual obligations; also that said act is not of uniform operation, in that, grouping in a class, as it necessarily does, citizens of this State who intercontract for the performance of services, said act of 1903 works a discrimination as against certain parties composing that class, in favor of other parties of the same class, in that it imposes on the person or

persons contracting to perform the services certain conditions, prosecutions, and punishments which it does not impose or inflict upon the person or persons for whom such services are to be rendered.

"Also for that said act of 1903, and particularly the provisions of section 2 of said act, are repugnant to paragraph 5 of section 1 of article 1 of the constitution of the State of Georgia (contained in Civil Code, §5702), and particularly that portion of said paragraph which provides that the accused 'shall have a public and speedy trial by an impartial jury,' in that said act arbitrarily fixes the measure of evidence by which the jury shall presume guilt, whereas said constitutional provision contemplates that the jury alone should determine that question.

"Also for that said act of 1903, particularly the provisions of section 2 of said act, are repugnant to and contravene the provisions of paragraph 17 of section 7 of article 3 (Civil Code, §5779) of the constitution of Georgia, wherein it is provided: 'No law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made,' in that the provisions of said act of 1903, as in this ground of exception set out and quoted, are directly in conflict with section 1033 of the Penal Code of Georgia, which provides: 'On the trial of all criminal cases the jury shall be the judges of the law and the facts, and shall give a general verdict of "guilty" or "not guilty,"' etc., and the provisions of said act of 1903, of necessity, work a repeal, as to the class of prosecutions within the purview of the act of 1903, of the provisions of said section 1033 of the Penal Code; and although said provisions of said act are in conflict with and work a repeal pro tanto of said code section, no reference whatever to said code section, against the provisions of which said act militates, is made in said act of 1903; and by the provisions of said act no attempt to repeal the same, in the manner as pointed out by said provisions of said constitution, is made; and the provisions of said act being directly in conflict with said provisions of section 1033 of the Penal Code, in that by the provision of the act the jury is directed what evidence will carry a presumption of guilt, whereas, under the provisions of said code section, the jury is the sole judge of the

facts and of their probative value, said provisions of said act are unconstitutional, because of its failure to repeal said code section in the manner as pointed out by said constitutional provision."

*Williams & Harper,* for plaintiff in error.

*Zach Childers, solicitor,* contra.

LUMPKIN, J.   Governor Vance was accused, in the city court of Americus, of a misdemeanor in violating the act of August 15, 1903 (Acts 1903, pp. 90, 91), relative to the procurement of fraudulent advances on a contract to perform services.   He demurred to the accusation, attacking the act referred to as unconstitutional, on various grounds.   The demurrer was overruled, and the case was carried by bill of exceptions to the Court of Appeals.   That court, under the constitutional provision creating it, certified to this court the constitutional questions for decision.   We take up the questions seriatim.

1. Is the act of 1903 unconstitutional as being repugnant to and in contravention of clause 1, section 14, article 8 of the constitution of the United States (contained in the Civil Code, § 6030), as to the provision therein contained that no State shall deny to any person within its jurisdiction the equal protection of the laws? The contention is, that in the class of contracts dealt with and contemplated by the act, the person or persons contracting to perform services are denied, as against the person or persons for whom such services are to be rendered, the equal protection of the laws, in that it subjects the former, under certain contingencies, to prosecution and punishment, and at the same time affords the latter absolute immunity from prosecution or punishment by reason of any infraction of said contractual obligations.

If the act of 1903 sought to make it penal to violate a contract or fail to pay a debt, it would be patently unconstitutional.   But this court has held that "such act does not violate the constitutional inhibition against imprisonment for debt; the legislative purpose being, not to punish for a failure to comply with the obligation, but for the fraudulent intention with which the money or other thing of value is procured." *Lamar* v. *State,* 120 *Ga.* 312; *Banks* v. *State,* 124 *Ga.* 15 (4); *Townsend* v. *State,* 124 *Ga.* 69.   This being true, it is apparent that the objection is without merit.   In the nature of things the master does not ordinarily procure advances from his servant, or the employer from his employee.   Legitimate classifi-

cation is not unjust discrimination. There are a very large number of laws upon the statute books imposing penalties upon certain persons without also providing for penalties as to others, though having some relation with them. The abandonment of a child by its father is made a misdemeanor. Penal Code, § 114. But it is not declared criminal for a child to abandon its father. It is evident that the same duty does not rest upon both, and the two are not in the same situation. Enticing away apprentices is unlawful. Penal Code, § 119. But nothing is said as to putting any penalty on the employer. Wilfully or maliciously to burn, or to attempt to burn, any railroad bridge is declared to be arson, although other bridges are not mentioned. Penal Code, § 145. Selling liquor without a license is made criminal, although no penalty is imposed by law upon the purchaser. Penal Code, §§ 431, 433. Any baker or other person selling bread under the assize established by the corporation of any city, town, or village, or the rules laid down by law, shall be punished as for a misdemeanor, but no punishment is provided for the man who buys the undersized bread, the loss incurred falling on him. Penal Code, § 661. It is criminal for bank officers to purchase any bill, check, or other evidence of debt issued by the bank, for less than its face value; but the seller is not punished. Penal Code, § 209. These are only a few of the many instances which might be cited, but they will suffice to show that where two persons deal with each other and the conduct of one requires safeguarding, criminal laws have been shaped for that purpose; and they have never been considered unconstitutional.

2. It is further urged that the equal protection of the law is denied because the person contracted with, and for whom services are to be rendered, is permitted to testify to a state of facts declared to be sufficient to carry the presumption of fraudulent intent, whereas the accused is not permitted to testify and has no opportunity or means equal to those afforded to the person contracted with of proving that no fraudulent intent existed; and the act lays down no measure of proof by which such presumption may be overcome. Here again the error is made of treating the act as punishing a breach of contract, instead of a fraudulent transaction. To say that the equal protection of the law is denied because a prosecutor can testify and the person accused of crime can not would upset the practice in criminal procedure for centuries

past. The privilege to the accused to testify as a witness is conferred by statute in some States. It is not a common-law right. In this State it does not exist generally, but only in certain cases.

3. The contention that no measure of proof is laid down by the act of the legislature by which such presumption may be overcome is without merit. The general law in regard to criminal procedure is to be considered in connection with this act. The presumption of sanity, of the continuance of a state of facts permanent in its nature, when once shown to have existed, and other disputable presumptions are declared by law. Upon the whole case, in a criminal prosecution, the State must show the guilt of the accused beyond a reasonable doubt. But the act is not unconstitutional because on its face it does not declare the exact amount of proof which will overcome a disputable presumption raised by law from a given state of facts.

4. It is further contended that the act is violative of paragraph 1, section 4, article 1, of the State constitution (Civil Code, § 5732), and especially that portion thereof which declares that "Laws of a general nature shall have uniform operation throughout the State." It is argued that the act of 1903 does not have uniform operation, in that it singles out and deals with a given character of contracts, and prescribes with reference thereto "different rules, different conditions, and different penalties from all other contracts of whatever nature;" and because it imposes heavier burdens upon the person or persons who contract to perform services, while affording to the person or persons for whom such services are to be performed immunity from prosecution and punishment; and also because it groups a class of citizens who contract with reference to the performance of services, and imposes on some of them certain conditions, prosecutions, and punishments not inflicted upon others. Here again the error of treating the act as punishing for a violation of a contract appears. The law is general and uniform, applying uniformly throughout the State to all persons falling within its terms. It is well settled that reasonable classification may be made, and if the law applies uniformly to all within the class it is not unconstitutional. If this were not so, all the laws giving liens to laborers, materialmen, contractors, and others against the person with whom they contract, or for the improvement of whose property they furnish labor or materials, without

providing a counter-lien of some sort in favor of the other party to the contract, would be unconstitutional. We deem it unnecessary to cite authorities in support of this well-settled proposition.

5. Again, it is urged that section 2 of the act is repugnant to paragraph 5 of section 1 of article 1 of the constitution of the State (Civil Code, §5702), and particularly to that portion of the paragraph which provides that the accused shall have a public and speedy trial by an impartial jury, in that said act arbitrarily fixes the measure of evidence by which the jury may presume guilt; whereas the constitutional provision contemplates that the jury alone shall determine that question. This point is in effect controlled by the decision in *Banks* v. *State,* 124 *Ga.* 15 (6), supra, where it was held that "A provision of the act of 1903 to the effect that proof of the contract of hiring, the procuring thereon of money or other thing of value, the failure to perform the service so contracted for, or to return the money so advanced with interest thereon to the time the labor was to be performed, without good and sufficient cause, and loss or damage to the hirer, shall be presumptive evidence of a fraudulent intent in the procurement of the advances, is not an assumption of judicial functions by the legislature."

· If the act made the presumption of intent arising from proof of certain facts conclusive, rather than disputable, or if the inference was arbitrary and without reasonable connection with the premises on which it was predicated, a more serious question would arise. But such is not the case. Intent is in most cases necessarily inferred from some act or acts done. Many instances might be given. Thus, the presumption of malice from evidence showing a voluntary homicide unaccompanied by circumstances of justification or mitigation. *Mann* v. *State,* 124 *Ga.* 760. Suppose that the legislature had enacted the rule laid down in this case, in the exact language of this court. Would it become unconstitutional by reason of such enactment, or would it be less a valid rule if prescribed by the legislature than if settled by decisions of the court? See State *v.* Barrett, 138 N. C. 630 (50 S. E. 506); Robertson *v.* People, 20 Colo. 279 (38 Pac. 326); Voght *v.* State, 124 Ind. 358 (24 N. E. 680); Note to Banks *v.* State, 2 L. R. A. (N. S.) 1007. The act is not unconstitutional on this ground.

6. It is still further contended that the act, particularly the second section thereof, is repugnant to the provisions of paragraph 17, section 7, of article 3 of the constitution of the State (Civil Code, §5779), wherein it is provided that "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." It is said that the provisions of the act of 1903 are in direct conflict with section 1033 of the Penal Code, which provides that "on the trial of all criminal cases the jury shall be the judges of the law and the facts, and shall give a general verdict of 'guilty' or 'not guilty;'" that the act necessarily works a repeal of this section as to the class of prosecutions within its purview; and that no reference is made to that section of the code. The particular point of conflict between the section and the act urged is that the latter provides what evidence will raise a presumption of guilt, whereas, under the provisions of the section of the code, the jury are the sole judges of the facts and of their probative value. What has been said in the preceding division of this opinion substantially decides this objection. The act of 1903 is not in conflict with and does not repeal the section of code quoted above. Upon the whole case that section is still the law, construed as it has heretofore been by this court. The two laws are to be construed in harmony. The establishment by legislation of a rule of presumptive intent from acts done in carrying out that intent does not violate the constitutional provision last mentioned above.

The act of 1903 is not unconstitutional for any of the reasons urged against it. Let this decision be certified to the Court of Appeals, as by law provided.           *All the Justices concur.*