## 6433. THORN *v.* THE STATE.

1. An indictment charging a violation of the "labor-contract act" of 1903 (Penal Code, § 715) is demurrable where it alleges that the wages contracted to be paid to the defendant were to be half of the crop made by him as a cropper, but fails to allege the kind or extent of the crop to be planted and fails to locate and identify the particular parcel of land which he was to cultivate. In an indictment charging this offense a distinct and definite contract of service must be alleged, and the allegations must be sufficiently full to enable the accused to defend against the charge. *Glenn* v. *State*, 123 *Ga.* 587 (51 S. E. 605); *Wilson* v. *State*, 124 *Ga.* 22 (52 S. E. 81); *Sanders* v. *State*, 7 *Ga. App.* 46 (65 S. E. 1071); *McCoy* v. *State*, 124 *Ga.* 221 (52 S. E. 434); *Taylor* v. *State*, 124 *Ga.* 798 (53 S. E. 320).
2. It is essential to a conviction of the offense of cheating and swindling under the "labor-contract act," supra, that it be made to appear that the failure of the accused to carry out his contract was without good and sufficient cause; and the State, in the present case, failed to carry that burden. So far as appears, the accused may have had good and sufficient cause for not performing the contract; and the mere failure to perform does not raise the presumption that he failed to comply with his contract without good and sufficient cause.

DECIDED JUNE 25, 1913.

Indictment for cheating and swindling; from city court of Millen—Judge Thomas L. Hill. December 20, 1912.

*G. C. Dekle,* for plaintiff in error. *W. Woodrum, solicitor,* contra.

RUSSELL, J. The defendant was indicted under section 715 of the Penal Code. The indictment alleged that he contracted with one T. L. Burke "to perform for him on the farm of him, the said T. L. Burke, in said county, services as share cropper from the first day of January, 1912, until the first day of January, 1913, the wages for said period were to be one half of the crop made by said Sam Thorn, said cropper, with intent then and there to procure money, and did thereby and under said contract, and in furtherance of said intent, then and there procure of the said T. L. Burke seventeen and 50/100 dollars in money, of the value of seventeen and 50/100 dollars, and belonging to said Burke, intending then and there to procure said money from the said T. L. Burke and not to perform the services contracted for, and then and thereafter failing and refusing, without good and sufficient cause, to comply with the said contract and render said services, and failing to return to the said T. L. Burke the said money, after opportunity to do the same, to the loss and damage of the said T. L. Burke in the sum of $17.50 aforesaid, contrary to the laws

of said State," etc.  The defendant demurred to the indictment as follows: "1st.  That said indictment does not set forth the contract and the terms thereof with sufficient definiteness to put the defendant on notice of what he has to defend.  2d.  That said indictment fails to state the nature of the crop to be planted and shared in by the defendant.  3d.  That said indictment fails to state the amount of service that was to be rendered by defendant on the farm of the said T. L. Burke.  4th.  That said indictment does not locate the farm of the said T. L. Burke (whether in Jenkins or any other county), nor does it describe said farm with any amount of definiteness whatever, certainly not enough so to put defendant on notice of what farm of the said Burke is meant.  5th.  That the contract as set forth in said indictment is too vague and indefinite to be the basis of a criminal prosecution."  The court overruled the demurrer, and on the trial the defendant was convicted and was sentenced to serve twelve months in the chaingang.  His motion for a new trial was overruled, and he excepts to this judgment, and also to the judgment overruling his demurrer.

1.  We think the demurrer to the indictment should have been sustained.  We treat all of the grounds of the demurrer as one, because each ground merely calls attention to the different respects wherein the indictment fails to set forth the contract with sufficient clearness and distinctness to put the defendant fairly on notice of the charge against him.  A distinct and definite contract between the parties is essentially necessary as a basis to a prosecution for cheating and swindling as defined in the "labor-contract act" of 1903, embodied in section 715 of the Penal Code.  Unless the promise to work which is the inducement of the advance (which advance the contracting employee must obtain with the present intention not to perform the labor) is so clear and definite as not to be misunderstood by either party (in other words, unless the minds of both parties meet at the same time, upon the same thing and in the same sense), a contract is not created; and if the contract is vague and indefinite, it necessarily follows that it will be impossible to ascertain whether the accused intended to perform the contract insisted upon by the prosecutor or not.  In other words, if it is doubtful whether the accused intended to perform the contract as he understood it, though he did not intend to carry out the

contract as his employer understood it, there could not be a conviction.

In the indictment in the present case the duration of the contract and the wages to be paid the accused are definitely stated, but there seems to have been no agreement whatever as to what crops should be planted or what particular plot of ground should be cultivated by the accused. If there was no agreement as to this, the contract failed to be either definite or distinct. If there was an agreement which made the contract on these points distinct and definite, it should have been alleged and proved. To one familiar with farming operations it is easy to see that a laborer might contract with a landowner to cultivate on shares certain marketable crops, on a designated portion of a plantation, which the proposed cropper knew to be suitable to these crops and sufficiently fertile to warrant the expectation of remuneration for his services, whereas he might not be at all willing to contract to take another portion of the same plantation, which might be worn out, and unfit for cultivation, and wholly worthless, and take the risk of receiving as his sole means of a livelihood a part of such crops which he could not reasonably expect would be produced. The prosecutor and the accused in this case could not have made a contract which would not have been too vague and indefinite for enforcement, unless there had been some reference to some particular plot of ground to which the minds of both parties had turned, which was mentioned between them (even if it was to be selected by one of them), and which both parties had agreed should be the land to be cultivated.

It is essential to the guilt of one accused of this offense that at the time that he obtained the advance he entertained the intention of not performing his contract; and if there had been no agreement as to the land he was to work, of course there could not be any definite intention, one way or the other, as to this unfixed subject-matter. In such a case the wrongful act of the accused would become merely a general promise to work in repayment of a pre-existing debt, and the case would fall within the ruling in *Ryan* v. *State,* 45 *Ga.* 128. The "labor-contract act," supra, like all other criminal statutes, must be strictly construed, and it is especially essential that there shall be a distinct and definite contract between the parties as to every material matter pertaining

to the services, for the reason that it is only the contract of employment and reliance upon its future performance that prevents this statute from being a statute to enforce the collection of mere debts.

2. As has frequently been held by the Supreme Court, and as also held by this court, the burden is on the State to prove that the failure of the accused to perform the service contracted for, or to return the money, was without good and sufficient cause. *Brown* v. *State, 8 Ga. App.* 212 (68 S. E. 865); *Mason* v. *Terrell, 3 Ga. App.* 348-9 (60 S. E. 4). The failure to perform the services or return the money is presumptive evidence of an undisclosed intent to defraud only when it appears that there was no good and sufficient cause why the contract was not performed. Hence, to complete its presumptive case, the State must show that there was no good reason why the contract was not performed, or, in default thereof, that there was no good reason why the accused did not return the money advanced to him. Without this proof the State's case is incomplete, because the prosecution has not created the evidentiary presumption necessary to rebut the presumption of innocence. Presumably the accused had good and sufficient cause. It is only after the State has made it appear that there was no sufficient cause or good reason why the accused did not perform his contract, or else return the money, that the State has made even a prima facie case. In the present instance the defendant, in his statement at the trial, gave a reason which the jury might have adjudged sufficient; and this statement was not denied by the prosecutor. *Judgment reversed.*