### 13312.  DIXON *v.* THE STATE.

BROYLES, C. J.  1.  "An essential element of the offense of violating section 715 of the Penal Code (known as the ' labor-contract act '), and one which the State must prove, is that the accused failed to per-

form the services contracted for, or failed to return the money advanced, 'without good and sufficient cause.' *Glenn* v. *State*, 123 *Ga*. 585 (51 S. E. 605); *Johnson* v. *State*, 125 *Ga*. 243 (54 S. E. 184); *Brown* v. *State*, 8 *Ga. App.* 212 (68 S. E. 865); *Thorn* v. *State*, 13 *Ga. App.* 10 (78 S. E. 853); *Hudson* v. *State*, 14 *Ga. App.* 490 (81 S. E. 362); *Lewis* v. *State*, 15 *Ga. App.* 405 (83 S. E. 439); and *Tennyson* v. *State*, 16 *Ga. App.* 214 (84 S. E. 988). The record does not show that this material fact was proved; consequently the conviction of the accused was unauthorized, and the judgment of the court below, overruling the motion for a new trial, must be reversed." *Jones* v. *State*, 16 *Ga. App.* 216 (84 S. E. 988).

2. Under the ruling in the preceding note, and the facts of the instant case, the defendant's conviction was unauthorized, and the trial court erred in overruling the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 9, 1922.

Accusation of cheating and swindling; from city court of Wrightsville — Judge Sturgis presiding. December 20, 1921.

*B. B. Blount,* for plaintiff in error.

*W. C. Brinson, solicitor,* contra.