19473. COFER *v.* THE STATE.

DECIDED APRIL 9, 1929.

536

*B. J. Stevens, C. S. Claxton,* for plaintiff in error.

*J. Q. West, solicitor,* contra.

BLOODWORTH, J. 1. The demurrer to the indictment was properly overruled.

2. There is no merit in any of the special grounds of the motion for a new trial.

3. "Before the act of 1903, commonly called the 'labor contract act,' can be violated, the evidence must clearly show that there existed in the mind of the laborer a fraudulent intent when he obtained the advance of money or property on his contract or promise to perform services." *Hankinson* v. *State,* 6 *Ga. App.* 793 (2) (65 S. E. 837). "The evidence failing to disclose an intent to defraud on the part of the defendant at the time the advances were obtained, the conviction was unauthorized." *Raffield* v. *State,* 7 *Ga. App.* 422 (2) (67 S. E. 109). "In a prosecution for a violation of the 'labor contract act' (Penal Code, § 715), the burden rests upon the State to show that there was no sufficient reason for the breach of the contract on the part of the defendant, or, in default thereof, that there was no good and sufficient reason why the money advanced on the strength of the contract was not returned. 'Without this proof the State's case is incomplete, because the prosecution has not created the evidentiary presumption necessary to rebut the presumption of innocence. Presumably the accused had good and sufficient cause.' *Thorn* v. *State,* 13 *Ga. App.* 10 (78 S. E. 853)." See *Jones* v. *State,* 15 *Ga. App.* 642 (84 S. E. 88) ; *Durham* v. *State,* 17 *Ga. App.* 810 (88 S. E. 594) ; *Dixon* v. *State,* 28 *Ga. App.* 374 (111 S. E. 69) ; *Skinner* v. *State,* 37 *Ga. App.* 153 (139 S. E. 90) ; *Clements* v. *State,* 39 *Ga. App.* (554) (147 S. E. 792). Under the rulings in the foregoing cases and the facts of the instant case, the defendant's conviction was unauthorized, and the trial court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*