27495. BULLARD *v.* THE STATE.

DECIDED APRIL 25, 1939.

*R. C. Whitman, Lula G. Whitman,* for plaintiff in error.

*C. S. Baldwin Jr., solicitor-general,* contra.

GUERRY, J. 1. The indictment charged that the defendant, "after having contracted with H. L. Pearson to perform services for him as a share cropper on the farm in charge of H. L. Pearson [the boundaries of the farm being described by naming adjoining landowners], said labor to start Jan. 1st, 1938, and continue through the year 1938, said accused after having so contracted did on the 5th of February, 1938, procure from said Pearson $7.50 in money as an advance, with intent not to perform said services, and did not perform same, and did fail to return the money at the time the services were to be performed, to the loss and damage of the hirer." The defendant demurred on the ground that no offense was charged, that under the allegations the defendant was not guilty of any offense, and that the indictment failed to allege what services were to be performed, or when said contract was entered into. We think the indictment was subject to the demurrer. An indictment charging a violation of the Code, §§ 26-7408, 26-7409, should allege a definite contract, for a definite length of time, for a definite consideration, in order to enable the accused to defend against the charge. *Thorn* v. *State,* 13 *Ga. App.* 10 (78 S. E. 853) ; *Sanders* v. *State,* 7 *Ga. App.* 46 (65 S. E. 1071) ; *Wilson* v. *State,* 124 *Ga.* 22 (52 S. E. 82) ; *Glenn* v. *State,* 123 *Ga.* 585, 587 (51 S. E. 605) ; *Starling* v. *State,* 5 *Ga. App.* 171 (4) (62 S. E. 993) ; *Bennett* v. *State,* 37 *Ga. App.* 20 (138 S. E. 671), and cit.; *Winters* v. *State,* 32 *Ga. App.* 56 (122 S. E. 635) ; *Banton* v. *State,* 57 *Ga. App.* 173 (194 S. E. 827). The contract alleged does not specify any terms other than "to perform services as a share cropper." Such allegation is too indefinite as to the terms of the contract, the amount and kind of labor to be performed, the price to be paid therefor, or any obligations assumed by the parties.

2. The indictment is also fatally defective in that it does not allege that the failure to repay any advances made was without good and sufficient cause. "An indictment which omits to charge that the failure of the defendant to perform his contract of labor, or to repay advances made to him, was without good and sufficient cause is fatally defective." *Mason* v. *Terrell,* 3 *Ga. App.* 348 (1-c) (60 S. E. 4) ; *Mobley* v. *State,* 4 *Ga. App.* 78 (60 S. E. 803).

3. Moreover, in the present case the evidence does not clearly show that an intent to defraud existed in the mind of the defendant at the time of obtaining the advance. Therefore a conviction was unauthorized. *Golden* v. *State,* 39 *Ga. App.* 151 (146 S. E. 336) ; *Clements* v. *State,* 39 *Ga. App.* 554 (147 S. E. 792) ; *Raffield* v. *State,* 7 *Ga. App.* 422 (2) (67 S. E. 109) ; *Curry* v. *State,* 7 *Ga. App.* 582 (67 S. E. 698) ; *Hankinson* v. *State,* 6 *Ga. App.* 793 (2) (65 S. E. 837). The evidence failed to show that the failure to return the money or perform the contract was without good and sufficient cause; and therefore the conviction was unauthorized. *Wood* v. *State,* 39 *Ga. App.* 555 (147 S. E. 780) ; *Cofer* v. *State,* 39 *Ga. App.* 534 (147 S. E. 792) ; *Thorn* v. *State,* 13 *Ga. App.* 10 (78 S. E. 853) ; *Jones* v. *State,* 15 *Ga. App.* 642 (84 S. E. 88) ; *Durham* v. *State,* 17 *Ga. App.* 810 (88 S. E. 594) ; *Dixon* v. *State,* 28 *Ga. App.* 374 (111 S. E. 69) ; *Skinner* v. *State,* 37 *Ga. App.* 153 (139 S. E. 90) ; *Banton* v. *State,* supra, and cit.

4. The constitution of Georgia (Code, § 2-121), provides that "There shall be no imprisonment for debt." The gravamen of the offense chargeable under the Code, §§ 26-7408, 26-7409, is the fraud perpetrated, and these sections have for their "purpose solely the punishment of fraud, and not the creation of a remedy for the collection of debts or the compelling of the performance of contracts." *Mulkey* v. *State,* 1 *Ga. App.* 521, 523 (57 S. E. 1022). We quote from *Wilson* v. *State,* 138 *Ga.* 489, 491: "This court has several times construed section 715 [§§ 26-7408, 26-7409]. It has uniformly been held that the offense therein declared was not for failure to perform service or pay debts, but was for fraudulently procuring money or other thing of value; that the fraudulent conduct of the defendant was the gist of the crime, not merely his failure to perform his contract." *Lamar* v. *State,* 120 *Ga.* 312 (47 S. E. 958) ; *Lamar* v. *Prosser,* 121 *Ga.* 153 (7), 154 (48 S. E. 977) ; *Vinson* v. *State,* 124 *Ga.* 19 (2), 21 (52 S. E. 79) ; *Town-*

*send* v. *State,* 124 *Ga.* 69 (52 S. E. 293) ; *Banks* v. *State,* 124 *Ga.* 15 (4), 17 (52 S. E. 74, 2 L. R. A. (N. S.) 1007) ; *Sterling* v. *State,* 126 *Ga.* 92 (54 S. E. 921) ; *Vance* v. *State,* 128 *Ga.* 661 (57 S. E. 889) ; *Dyas* v. *State,* 126 *Ga.* 556 (55 S. E. 448) ; *Latson* v. *Wells,* 136 *Ga.* 681 (71 S. E. 1052). The court erred in overruling the demurrers to the indictment, and the motion for a new trial. *Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*