## 28907. BRODDUS *v.* THE STATE.

DECIDED MAY 2, 1941.

*J. Ben Warren,* for plaintiff in error.

*C. S. Baldwin Jr., solicitor-general,* contra.

BROYLES, C. J.   The defendant was charged with a violation of the labor-contract law embodied in the Code, §§ 26-7408, 26-7409. The indictment alleged that on November 15, 1939, in Jasper County, Georgia, the accused made "a contract with S. H. Baynes to work for him at 75 cents a day and food for him to eat while working, doing any kind of manual labor that Baynes told him to do in Jasper County, Ga., beginning November 16, 1939, and continuing until he worked out an advance of $50, and did by virtue of said contract procure an advance of $50 from S. H. Baynes, with intent not to perform said work, and did fail and refuse to perform same, without good and sufficient cause, to the loss and damage of the hirer." The defendant demurred to the indictment, as follows: 1.   Because the indictment is fatally defective in that it does not set forth the place where said alleged contract was to be performed. 2. Because the indictment fails to specify and describe the work purportedly agreed to be performed by the defendant, and the words "any kind of manual labor" do not describe the work alleged to be performed, and are too indefinite to be the basis of prosecution under this Code section. The demurrer was overruled, and exception was taken. The defendant was convicted. A new trial was denied, and that judgment was assigned as error.

■   The demurrer should have been sustained. In *Bullard* v. *State,* 60 *Ga. App.* 33 (2 S. E. 2d, 725), the indictment charged that the defendant contracted "to perform services . . as a share cropper." This court held that "such allegation is too indefinite as to the terms of the contract, the amount and kind of labor to be performed, the price to be paid therefor, or any obligations assumed by the parties," and that the demurrer to the indictment should have been sustained. In the instant case the allegations of the indictment are clearly too indefinite to show "the amount and kind of labor to be performed" by the defendant, and the overruling of the demurrer was error.

■   It has repeatedly been held by the Supreme Court and this court, that the labor-contract law (Code, §§ 26-7408, 26-7409) is in derogation of the common law and must be strictly construed;

that the offense therein declared is not for failure to perform service or pay debts, but is for fraudulently procuring money or other thing of value; and that the fraudulent conduct of the defendant is the gist of the crime, not merely his failure to perform the contract. *Wilson* v. *State,* 138 *Ga.* 489, 491 (75 S. E. 619). Furthermore, it must clearly appear "that an intent to defraud existed in the mind of the defendant at the time of obtaining the advance." *Bullard* v. *State,* supra, and cit. In the instant case, while the indictment charged that an advance of $50 had been procured by the defendant, the undisputed evidence disclosed that no money had been advanced or given to him. It follows that his conviction was unauthorized, and that the court erred in denying a new trial.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*