### 2338. RAFFIELD *v.* THE STATE.

1. The instructions which were requested in writing embodied sound principles of law and were applicable to the facts of the case, and should (at least in substance) have been given in the charge to the jury.
2. The evidence failing to disclose an intent to defraud on the part of the defendant at the time the advances were obtained, the conviction was unauthorized.
3. Where one, in consideration of advances already made to him, contracts to labor for a term of months, and actually enters upon the contract and labors in accordance with its provisions for a period of six months, the mere fact of his quitting the service of his employer is insufficient of itself to raise the presumption that at the time of obtaining the advances he entertained an intent to defraud.

Accusation of misdemeanor; from city court of Ocilla—Judge Oxford. December 18, 1909.

Submitted January 13,—Decided February 10, 1910.

*Claude Payton, C. E. Hay,* for plaintiff in error.

*H. J. Quincey, solicitor,* contra.

RUSSELL, J.  The defendant was convicted of a violation of the "labor-contract act" of 1903 (Acts 1903, p. 90), and excepts to the judgment overruling his motion for new trial.  Viewed in its strongest light, the evidence for the State shows the following facts: On September 18, 1907, the defendant made a contract with C. W. Bussell to work according to his direction until November 11, 1908, at $13 per month.  The contract specifies that the agreement is made in consideration of $170 in cash, advanced that day to the defendant by C. W. Bussell.  The defendant was to be allowed $13 per month of 26 days actual work until $170 should be paid.  The evidence shows that he immediately began work, and worked continuously in the performance of his contract, apparently to the satisfaction of his employer, until late in March or April, 1908, something over six months.  At this time he ceased to perform the services contracted for, and failed then, and has ever since failed to pay the remainder due by him on the advance of $170.

Omitting any consideration of the defendant's excuse for leaving his employer, we think that, under the ruling in *Mulkey* v. *State*, 1 *Ga. App.* 521 (57 S. E. 1022), it can not be presumed that the defendant entertained, at the time that he obtained the advance, an intent to defraud, which is necessary in order to make the failure to pay the advance, or failure to perform the service, criminal. See also *Patterson* v. *State*, 1 *Ga. App.* 782 (58 S. E. 284).  As was said in the *Mulkey* case; "Where the defendant, after obtaining money upon a promise to perform service, enters upon the performance of the service contracted for, and engages therein for such a length of time as to make it wholly unreasonable that he obtained money with the intention not to perform the service, he should not be convicted, although it appears from the evidence that he has failed to perform a portion of the service contracted for and has failed to repay the money, that loss and damage has resulted to the hirer, and that his excuse for abandoning the contract is not good and sufficient."  In the *Patterson* case we said: "The paramount controlling ever-essential element of the offense, which must be proved to have been coexistent with the debt or contract, is the intent to defraud."  In the case now before us the defendant worked six months or more after the advance was made to him, and his parents subsequently to that time, at his request, paid something over $21 to help him in paying the advance which

had been made to him.    There is nothing in the case to show anything more than unwillingness to repay the advance, or perhaps inability to do so, and refusal to complete the contract of labor, perhaps for insufficient reason; there is nothing to show that at the time the money was advanced the defendant did not intend to fulfill his contract; and to say that this evidence authorizes the conviction of the defendant would be to hold contracts could be enforced and debts collected by the statute in question, and to say this would destroy the law by declaring it to be in violation of the constitution.

The court should have presented in substance the principles referred to in the request presented by counsel for the plaintiff in error.    It may be that the language employed in the first request presented is inappropriate, and therefore the request should not have been given in the language employed, but the jury should have been told, even without a request, that they need not presume a fraudulent intent from the mere fact that the defendant failed to continue at work under the contract, if it appeared that he worked in accordance with the contract for such a length of time as might render it unreasonable to presume that he obtained the advance with the intent to defraud.    This was one of the issues of the case, necessarily raised by the evidence, and the court should have properly instructed the jury as to this issue, even in the absence of a specific request.

The court should have presented to the jury the principles embodied in the request to charge, the refusal of which constitutes the sixth ground of the motion for a new trial.    The request itself is appropriate in every respect.    An examination of the charge, however, shows that no reference was made to the substantive principle.    This request was as follows:  "Unless you believe, beyond a reasonable doubt, that it was the defendant's intention, at the time of making the contract or obtaining the money, to defraud the prosecutor and not to do the work, you should acquit him. If the defendant made the contract alleged, and intended, at that time and at the time of obtaining the credit, to do the work, he is not guilty, and you should acquit him."

*Judgment reversed.*