## MILLINDER v. THE STATE.

1. It is not necessary in an indictment under the act of 1903 (Acts 1903, p. 90), making it illegal for a person to procure money or other thing of value on a contract to perform services with intent to defraud, to allege that the term of service expired before the indictment was preferred. Proof of a failure to perform the services contracted for, and proof of failure to return the money or other thing of value advanced, even during the term of service provided for in the contract, is sufficient, under the act, to establish prima facie the intent to defraud which the act punishes.
2. Loss or damage to the hirer is an essential ingredient of the offense defined in the act above referred to.
3. The evidence disclosing that there was no loss or damage to the hirer, the verdict was unauthorized, and it was error to refuse to grant a new trial.

Submitted November 20,—Decided December 21, 1905.

Accusation of misdemeanor. Before Judge Raines. City court of Dawson. October 28, 1905.

Aaron Millinder was convicted on an accusation charging him with cheating and swindling, under the act of 1903 (Acts 1903, p. 90). There was a demurrer to the accusation, on the ground that the time in which the labor contracted for was to be performed had not expired at the date of the accusation, and that the time in which the money procured by reason of the contract might be repaid, as provided in the act, had not expired. This demurrer was overruled. After conviction, a motion for a new trial upon the general grounds was overruled, and the accused excepted.

*M. C. Edwards,* for plaintiff in error.

COBB, P. J. There was no merit in the demurrer to the accusation. The offense with which the defendant was charged was the procurement of money and other things of value by entering into a contract to perform labor as a cropper, which he had no intention to perform. The act provides that satisfactory proof of the contract, the procuring of money, the failure to perform the services so contracted for, or failure to return the money so advanced, with interest thereon, at the time said labor was to be performed, etc., shall

be deemed presumptive evidence of the intent to defraud. The failure to perform the services contracted for is a breach of the contract which may occur before the contract expires. It may occur the first day the contract begins to run. It follows that the time when the money procured is to be returned is when there has been a failure to perform the services contracted for, or, in other words, when the contract is broken.

2. The evidence introduced by the State failed to show that the landlord, Bridges, suffered any damage or loss by the breach of the contract upon the part of the accused. Bridges testified, "I can not say how much I was damaged; I can not say I was damaged any." The evidence further shows that while the amount advanced the accused in supplies, fertilizers, etc., amounted to something over $200, his part of the crop was worth more than $500. Loss by or damage to the person contracted with, and from whom money or other thing of value is procured, is a necessary element in the offense with which this defendant is charged. The evidence did not warrant the verdict, and the judgment overruling the motion for a new trial is        *Reversed. All the Justices concur.*