## BRAUGHNER *v.* THE STATE.

An accusation charging one with having violated the labor-contract law of 1903 (Acts 1903, p. 90), which on its face shows that the hirer has sustained no loss and damage, is subject to demurrer.

Submitted February 19,—Decided May 24, 1906.

Accusation of cheating and swindling. Before Judge Davis. City court of Lexington. January 1, 1906.

*E. P. Shull,* for plaintiff in error.

*Hamilton McWhorter Jr., solicitor,* contra.

BECK, J. The accused was convicted of being a common cheat and swindler, in that he violated the labor-contract act of 1903 (Acts 1903, p. 90). The accusation under which he was convicted is in part as follows: "That the said Perry Braughner did, in said county, on the 25th day of January, 1905, did with force and arms unlawfully, after having on the 24th day of December, 1904, contracting with J. E. Brooks to perform services as a farm hand for and during the year 1905 at $8.00 per month, beginning January 1st, 1905, and to continue through said year, with intent not to perform said services, did procure from said hirer J. E. Brooks one pair of shoes, two dollars in money, five and one quarter pounds of meat, sack of flour, four pounds of meat and tobacco, all of the value of $4.85, with intent not to perform such services, and left the farm and left the service of said J. E. Brooks and went away and did not perform such services or return such advances or their equivalent in money and the interest thereon, without any good and sufficient cause, to the loss and damages of the said J. E. Brooks," etc. The accused demurred to this accusation generally and specially, one special ground of demurrer being that "the accusation fails to show whether or not said defendant ever worked under said contract, or whether he was entitled to any credit on said advances." The court overruled the demurrer, and the defendant excepted pendente lite and now assigns error thereon. After his conviction the accused made a motion for a new trial, upon several grounds; but, as the judgment must be reversed because of the overruling of the defendant's demurrer, they will not be considered.

Loss and damage to the hirer is an essential ingredient to the offense of which the accused was convicted. *Millinder* v. *State,*

124 *Ga.* 452. The accusation here is considerably involved, but under no reasonable construction that can be placed upon it is the hirer shown to have sustained loss and damage. In effect the accused was charged with having made a contract with the hirer to perform certain services for a period of one year, at eight dollars a month wages, in pursuance of which he procured from the hirer (at what times the accusation does not make clear) certain advances amounting to four dollars and odd cents; and with having broken the contract by leaving the hirer's employ at the end of twenty-five days, with intent to procure the advances and not to perform the services. It is true that the accusation does not disclose whether the accused performed any services during the twenty-five days, but it will be presumed, inasmuch as he was in the hirer's employ, that he performed the services for which he was hired, in the absence of a statement to the contrary in the accusation. And under the terms of the contract, there was due him by the hirer, for the twenty-five days service, more than the amount of the advances So how has the hirer suffered loss? It may be true that the accused was not entitled to any credit upon the advances, for the reason that he had already been compensated for his services up to the time he quit work before the advances were made, but the accusation will not permit of such construction; and the special demurrer having pointed out to the court this defect, it should have been sustained.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*