## ABRAMS *v.* THE STATE.

1. An allegation in an accusation framed under the act of 1903 (Acts of
   1903, p. 90), making it illegal for a person to procure money or other
   thing of value on a contract to perform services with intent to defraud,
   that the defendant did obtain from the prosecutor an advance of a cer-
   tain sum of money, is not sustained by proof that the prosecutor paid
   to a third person the amount of the defendant's debt to such third per-
   son, secured by mortgage, took a transfer of the mortgage, and subse-
   quently, as transferee, foreclosed the same.
2. Before a prosecution can be successfully maintained under this act, the
   burden is upon the State to show that loss or damage was actually sus-
   tained by the hirer. Where it appears that advances were made and
   that the person to whom the advances were made performed a certain
   amount of service, but the value of such service is not made to appear,
   the prosecution fails to carry this burden of proof.

Submitted October 18,—Decided November 8, 1906.

Indictment for misdemeanor. Before Judge Little. City court
of Sparta. August 28, 1906.

The accused was charged with a violation of the act approved
August 15, 1903, "to make it illegal for any person to procure
money, or other thing of value, on a contract to perform services,

with intent to defraud," etc. (Acts of 1903, p. 90.) The accusation alleged that the accused, after fraudulently entering into a contract with W. O. Garrett to perform for him services as a share cropper during the year 1906, intending at the time to defraud him by not rendering the services contracted for, did obtain from him advances on the contract, consisting of corn, meat, flour, tobacco, and meal, to the amount of $14, and the further sum of $76.14 in money, to his loss and damage in the sum of $90.14, no part of which has been returned to him, the contract not being performed and no cause having been given for the non-performance of said services. The trial resulted in the conviction of the accused, and the question presented by her motion for a new trial is whether or not the evidence was sufficient to support the verdict of guilty. The prosecutor testified: The contract was that the defendant was to farm with me on halves, she and her children to do the work; and I made her advances on that contract. She wanted me to "pay up" what she owed at the bank first, and I straightened up that and then let her have provisions after she moved to my house. The amount I advanced to her in money at the bank was, I believe, $76.14, and the provisions advanced to her amounted to about $14. The bank, as security for the debt due by her to it, held a mortgage on a mule, a buggy, and some cows, and "I had that paper transferred to me. That property that she had mortgaged to the bank was levied on and sold." It brought only $37; the costs of sale amounted to $8.19, "so that I got only $29.81; and that amount deducted from the $76 leaves the amount she now owes me in addition to the $14 for provisions that I furnished." The accused "didn't carry out the contract; she didn't stay as she promised; she left—she stayed awhile and left. I did not give her any cause for leaving," and "she didn't give me no reason, except she said I tapped the bell when it got time for her to go to work after dinner, to let her know what time to start; . . said she was not going to work by no such as that—was not going to have no bell rung where she stayed at—was going to boss her own business." "She moved to my house somewhere about the first of January. She stayed there until about the first of March. . . She did some work during those months. Her family did some work; the boys worked some." There was testimony corroborating that of the prosecutor as to the making of the contract, and as to the accused

having agreed to work a one-horse farm on halves on his place, "provided he would take up that paper,"—the mortgage held by the bank, which he had transferred to him and 'which he subsequently foreclosed.

*T. M. Hunt,* for plaintiff in error.

*R. W. Moore,* solicitor, contra.

EVANS, J.    (After stating the facts.)    Loss or damage to the hirer is an essential ingredient of the offense defined in the act of August 15, 1903.    *Millinder* v. *State,* 124 *Ga.* 452.    The accusation alleges that loss and damage occurred to the prosecutor in the sum of $90.14, which was made up of two items: $76.14 in money and $14 in provisions.    The proof failed to sustain the charge that $76.14 in money was advanced to the defendant; the prosecutor's testimony disproves this charge; because if he had advanced the money to the defendant, the payment of it to the bank by the prosecutor would have been as the defendant's agent, and the defendant's debt to the bank would have been extinguished.    Instead of treating the money paid to the bank as belonging to the defendant and as having been advanced to her, the prosecutor treated the money as his own, and took a transfer of the mortgage to himself.    His own conduct shows that he was not advancing money to her, but was purchasing a secured debt due by the defendant.    See *Hirsch* v. *Meldrim,* 124 *Ga.* 717.

Provisions of the value of $14 were proved to have been procured by the defendant on the faith of the contract.    But it also appeared that the defendant and her family did some work for the prosecutor between January 1 and the time she left, two months later.    The value of this work was not shown, and it can not be said as matter of law that the hirer sustained actual loss or damage.    By the second section of the act, among other requisites to be established as affording a presumption of fraudulent intent is the "loss or damage to the hirer."    If the service rendered by the defendant was sufficient to compensate for the provisions (no other loss or damage having been shown), then the prosecutor suffered no injury.    While it is true that the breach of an entire contract may defeat a recovery for the value of the service actually rendered, when the action is predicated upon the contract, this principle of law is not applicable to cases of this kind.    By the terms of the act the loss or damage to the hirer must be actual, and this is not shown by proving a state

of facts which would negative a recovery on the contract because of a breach thereof. It may be that the value of the service rendered was more than the equivalent of the provisions advanced under the contract. Be this as it may, the burden was on the State to prove that the service rendered was of less value than the advances made to the accused, and the State did not successfully carry this burden. A new trial must be had.

*Judgment reversed.    All the Justices concur.*