## 1026. MOBLEY *v.* THE STATE.

In prosecutions under the act of 1903 (Acts 1903, p. 90) which makes penal certain fraudulent practices in connection with contracts of labor, the State must allege and prove that the defendant, without good and sufficient cause, failed to perform his contract or repay the advances obtained.

Accusation of misdemeanor, from city court of Fitzgerald— Judge Jay. February 14, 1908.

Submitted March 11,—Decided March 16, 1908.

The accusation charged Davis Mobley with "the offense of misdemeanor, for that the said Davis Mobley, . . on the 7th day of September, 1907, . . did unlawfully, fraudulently, and with intent to cheat and defraud R. V. Handley, contract with said R. V. Handley to work and labor for the said R. V. Handley as a farm laborer, the said contract being as follows: that the said Davis Mobley should pick cotton for the said R. V. Handley at sixty-five cents per one hundred pounds, beginning the first of September, 1907, and to work continuously until he, the said Davis Mobley, paid by said work the full amount he was due the said R. V. Handley; the said Davis Mobley then and there contracting with the said R. V. Handley with the intent to procure money from the said R. V. Handley and not to perform the services contracted for as aforesaid, and did, on the 7th day of September, 1907, after having so contracted, procure from the said R. V. Handley one dollar and sixty-two cents, with the intent not to perform the said services, and did not perform the services contracted for; to the loss and damage of the said R. V. Handley in the sum of one dollar and sixty-two cents; whereby the said Davis Mobley did then and there cheat and defraud said R. V. Handley in the sum aforesaid, contrary to the laws of said State," etc.

R. V. Handley testified: The defendant "had been working for me all the year, and on December 17, 1907, which was Saturday, he wanted money. He owed me quite a lot of money, and I owed him $3.38 for some work he had done that week. He wanted $5, and I didn't want to let him have it. I had been paying him 60 cents per 100 pounds for picking cotton. That evening we made a new trade and I agreed to give him 65 cents per 100 pounds for all the cotton he picked. He agreed to pick, beginning on the

9th day of September, and to pick continuously until he should have paid me the amount I was then letting him have in excess of the amount I owed him for work done that week, and also other indebtedness he was due me. I let him have $5, which was $1.62 more than I owed him for the work already done that week after we traded as I have just stated. He agreed to pay it back first, picking cotton, and to pick continuously until it was paid, and also until all he owed me was paid. I let him have the money, i. e. the $1.62, because I wanted him to pick the cotton as he then promised. I let him have the $1.62 because I wanted to get my cotton picked, and I also had hope of getting him to work out the back indebtedness. The $1.62 was paid in Ben Hill county, Georgia, and the contract was made therein. He did not do any of the work nor offer to pay me the money I let him have, and I lost the $1.62." The defendant stated to the jury: "I owed Mr. Handley, and I gave him all my furniture, and he credited my account with that. I would have paid Mr. Handley all I owed him, if he had given me time."

After verdict of guilty and before sentence, the defendant made a motion in arrest of judgment, on the ground that "there was no offense alleged in said accusation, it not being alleged therein that the said Davis Mobley had, without good or sufficient cause, failed and refused to carry out his contract." To the overruling of this motion he excepted. He excepted also to the refusal of his motion for a new trial.

*McDonald & Quincey,* for plaintiff in error.

*O. H. Elkins, solicitor,* contra.

POWELL, J. The proposition stated in the headnote is supported by the following decisions, and perhaps others: *Mason* v. *Terrell,* 3 *Ga. App.* 348 (60 S. E. 4); *Glenn* v. *State,* 123 *Ga.* 585 (51 S. E. 605); *Johnson* v. *State,* 125 *Ga.* 243 (3), (54 S. E. 184). From this it follows that the motion in arrest of judgment should have been sustained. If the fact be properly alleged, it may be shown inferentially or circumstantially, but it must be shown.                 *Judgment reversed.*