## 1228.  LONG v. THE STATE.

It is necessary that an indictment or accusation which purports to charge
the defendant, under the act of 1903 (Acts 1903, p. 90), with fraudu-
lently procuring advances other than money, on a contract of labor,
should contain an allegation that the defendant did not return the
things so advanced, or pay for them.  An accusation which charges the
procuring of both goods and money, but which alleges a failure to
return or repay only the money, is valid only as to the money charge;
and the statements as to the goods, on a construction of the accusa-
tion, will be treated as surplusage.

Accusation of cheating and swindling, from city court of New-
ton—Judge Johnson.  May 25, 1908.

Argued June 30,—Decided July 25, 1908.

*W. I. Geer,* for plaintiff in error.

*Benton Odom, solicitor,* contra.

POWELL, J.  The defendant, Will Long, was prosecuted for
cheating and swindling, under the act of 1903 (Acts 1903, p. 90).
Omitting formal parts, the accusation charges, that "after con-
tracting with J. T. Jackson to make a one-horse farm on halves,
for and during the year 1908, the contract being as follows: the
said J. T. Jackson to furnish land, mule, and feed the mule, and
one half of all fertilizers to be used on said one-horse farm; and
the said Will Long to furnish one half of all fertilizers and do
and perform all labor in the cultivation and gathering of said
crop, to begin work on January 1st, 1908, and to work until De-
cember 31st, 1908, did, after making said contract with the intent
to defraud the said J. T. Jackson, procure from him, the said J.
T. Jackson, ten dollars in lawful money of the United States, and
one and one half plugs of tobacco of the value of fifteen cents, and
the said Will Long did fail to return the money so advanced, with
interest thereon, at the time said labor was to commence, or to
perform said labor, without good and sufficient cause, to the loss
and injury of the said J. T. Jackson, in the sum of $10.15."
There was no proof, on the trial, as to the furnishing of the ten dol-
lars in money; there was proof that the defendant obtained the
fifteen cents worth of tobacco on the contract, on the day he made
it, and that, without excuse, he failed to pay for it or to work.
The defendant was convicted and sentenced to a term in the chain-
gang, with the alternative of a $75 fine.  He excepts.

A proper decision of the case involves a construction of the accusation. It charges the procuring by the defendant of both the money and the tobacco, but charges a failure to return the money only, and not also the tobacco or the value thereof. In justice to the solicitor who drew the accusation, it should be noted that he followed almost literally in that respect the act on which the accusation is based. That act makes no reference to any failure to return or pay for any advances other than money. The act has, however, throughout all the decisions of this court and of the Supreme Court, received a very strict interpretation; indeed such a construction was found necessary to save it from serious constitutional objections. In accordance with the spirit of the rulings in the cases of *Mobley* v. *State,* 4 *Ga. App.* 78 (60 S. E. 803); *Mason* v. *Terrell,* 3 *Ga. App.* 348 (60 S. E. 4); *Johnson* v. *State,* 125 *Ga.* 243 (3), (54 S. E. 184); *Glenn* v. *State,* 123 *Ga.* 385 (51 S. E. 605), we have no hesitancy in holding that where the advances obtained consist of things other than money, it is necessary that the indictment or accusation should allege that the defendant failed to return or pay for such advances. There being no allegation in the present accusation that the defendant did not return or pay for the tobacco, and the allegations as to the money being good in form and substance, under a familiar rule the allegations as to the tobacco must be rejected as surplusage, and the accusation construed as being based upon the procuring of the money alone. The record contains no proof of a fraudulent procurement of the money, and the defendant can not be legally convicted except for the particular offense properly charged in the accusation. Therefore the verdict must be set aside.

*Judgment reversed.*