## 2162. SANDERS *v.* THE STATE.

1. In order to sustain a conviction for cheating and swindling under the act approved August 15, 1903 (Acts 1903, p. 90), the State must show, among other things, "a definite and distinct contract for service, . . An implied contract will not do, but there must be an express contract, clear and definite in its terms." *Glenn* v. *State*, 123 *Ga.* 587 (51 S. E. 605) ; *Wilson* v. *State*, 124 *Ga.* 22 (52 S. E. 82) ; *Mason* v. *Terrell*, 3 *Ga. App.* 348 (60 S. E. 4).

2. The contract shown in the present case was not of such nature as to support the conviction.

Accusation of misdemeanor; from city court of Blakely—Judge Jordan. September 1, 1909.

Submitted October 25,—Decided November 9, 1909.

*R. H. Sheffield,* for plaintiff in error.

*Walter Park, solicitor,* contra.

Powell, J. The accusation charged that the defendant "did contract with J. A. Bevings to perform for him, at the brick kiln of the said J. A. Bevings, in said county, service as a hand at said brick kiln, beginning on the 11th day of August, 1909, and to continue till the goods obtained were fully paid for and at the rate of one dollar per day, with intent then and there to procure provisions consisting of meat and meal to the value of ninety cents, and did thereby and under said contract, and in furtherance of said intent, then and there procure of the said J. A. Bevings provisions consisting of meat and meal to the value of ninety cents, the said Powell Sanders intending then and there to procure said provisions from the said J. A. Bevings and not to perform the services contracted for, and then and thereafter failing and refusing, without good and sufficient cause, to comply with the said contract and to render said service, and failing to return to the said J. A. Bevings the said provisions, to the loss and damage of the said J. A. Bevings in the sum of ninety cents." The testimony of the State, as given by the prosecutor, was: "I had him (the defendant) burning brick for me, and settled with him on the morning of the 11th day

of August, 1909.   He wanted some rations, and told me he was going to work right on that day at the kiln, and I let him have ninety cents worth.   I explained to him that the work was important and had to be on that day. . .   I saw him about an hour afterwards down at the gin, and he told me he was going right on and go to work at the kiln, but he did not do so.   About two hours afterward I saw him working . . in the field of Mr. Sheffield.   He did not work for me that day as agreed upon, and the next day about noon I had him arrested.   I sustained damage to the extent of ninety cents by his not working.   He hasn't paid the ninety cents nor has he done the work.   He was to work that day, to wit, the day I let him have the rations, at one dollar per day.

. .   I do not know that at the time he obtained the rations he did not intend to pay for them,—suppose he did intend to pay for them."   It seems plain, from an examination of this testimony and of the decisions construing the statute under which the prosecution is proceeding, that the conviction can not be sustained.   If the accusation be construed as setting. out a definite contract, there is a variance, in that the proof does not show a contract of that nature; for if any contract at all is shown by the proof, it is a contract to work one day, and not a contract to work until the advances were repaid.   As was held in the *Glenn* case, cited in the headnote, an implied contract will not do; there must be an express contract.

*Judgment reversed.*