### 2638.  JOHNSON *v*. THE STATE.

To sustain a conviction of a violation of the "labor-contract act" of 1903 (Acts 1903, p. 90), the evidence must show that there was a fraudulent intent at the time when the money or other thing of value was obtained from the employer, and that the laborer failed to perform his contract or repay his advances, without good and sufficient cause.  None of these facts were shown in this case.  The evidence does not in any essential particular support the verdict.

Accusation of misdemeanor; from city court of Calhoun county —Judge Calhoun.    April 23, 1910.

Submitted June 1,—Decided June 14, 1910.

*W. A. Jordan,* for plaintiff in error.

*E. L. Smith, solicitor,* contra.

HILL, C. J.   Johnson was convicted of a violation of the act of 1903 (Acts 1903, p. 90), commonly known as the "labor-contract law;" and his motion for a new trial being overruled, he ex-

cepted. The prosecutor, who was the only material witness for the State, testified, in substance, as follows: On January 21, 1908, he made a written contract with the defendant, Johnson, to work for him as a laborer from that day for twelve months, to be paid wages at the rate of $9 per month; that at the time when the contract was made he advanced Johnson $60 thereon; that Johnson, on January 22, 1908, commenced work under the contract, and continued to work until December 19, 1908, "and he did good and faithful service until that time." The contract further provided that if, at the expiration of the first twelve months, Johnson should owe the prosecutor for any advances made thereon, he (Johnson) agreed to work for the prosecutor an additional twelve months, for the same amount of wages per month, and that any advances made to him on the first twelve months should be carried over and charged against him for the second twelve months. The prosecutor testified, that on December 19, 1908, he advanced Johnson $5 on the contract, and that at that time Johnson owed him $15 or $20 more than his wages amounted to for the twelve months.

The accusation contains two counts, the first charging Johnson with fraudulently obtaining from the prosecutor the $60, and the second count charging him with fraudulently obtaining the $5. The prosecutor testified, that on December 19, 1908, Johnson quit work and went to the house of his mother, and he (the prosecutor) went to hunt for him, and found him at her house, and he then told the prosecutor he was sick and unable then to resume work. Under this evidence the solicitor abandoned the first count. We think justice would not have been seriously wounded if he had also abandoned the second count. The State's testimony shows several reasons indicating that the prosecution was without probable cause, and that the conviction was manifestly unwarranted. In the first place the prosecutor states that the laborer had done "good and faithful service" for him under the contract, for a full period of eleven months, and during this entire time he had advanced $65, and owed him under the contract $99. It is true that the prosecutor states in an indefinite and general way that the defendant owed him $15 or $20 when he quit work, more than his wages for the year amounted to; but it is significant that he does not state the time when he advanced him an additional sum, or the amount of the advance, if any, and that he failed to include

these advances in the accusation. In his anxiety to prosecute this "good and faithful servant," it would seem remarkable that he omitted anything. We are clear that the evidence by the prosecutor himself fully rebuts the existence of a fraudulent intent on the part of the defendant when he procured the $5 as well as when he procured the $60. *Mulkey* v. *State*, 1 *Ga. App.* 521 (57 S. E. 1022).

In the second place, if the defendant was sick when he quit work, that was a good reason for his quitting; and there is no evidence that he was not sick as he stated. The prosecutor found him at his mother's house, and he then told the prosecutor that he was sick and was not able to resume work. The defendant's sickness constituted a good and sufficient reason for his not working under his contract. *Mobley* v. *State*, 4 *Ga. App.* 78 (60 S. E. 803).

Altogether we are clearly of the opinion that the conviction was without evidence to support it, and therefore was contrary to law.

*Judgment reversed.*