*John A. Boykin, W. H. Underwood,* contra.

---

2563.   SHEPHERD *v.* THE STATE.

1. Intent to defraud is the paramount, controlling, and ever-essential element which determines the guilt of one accused of a violation of the "labor-contract law" of 1903 (Acts of 1903, p. 90).    It is the duty of the court, even in the absence of a written request, to instruct the jury that in order to authorize the conviction of one accused of a violation of this act, the intention to cheat and swindle the prosecutor must have existed on the part of the defendant at the time the money was advanced.    Failure so to charge the jury is reversible error.

2. The present intent to defraud can not be asserted as to a payment made without the consent of the employee, nor as to an advancement made without reference to the contract.

                DECIDED JULY 25, 1910.

Accusation of cheating and swindling; from city court of Ashburn—Judge Tipton.    February 21, 1910.

*John B. Hutcheson,* for plaintiff in error.

*J. A. Comer, solicitor,* contra. ·

RUSSELL, J.  The defendant was convicted in the lower court of a violation of the "labor-contract law" of 1903 (Acts 1903, p. 90), and he excepts to the judgment overruling the motion for a new trial.    In addition to the general grounds of the motion for a new trial, the defendant assigns error upon the failure of the court to specifically instruct the jury that they must be satisfied from the evidence that the intention to cheat and swindle the prosecutor existed on the part of the defendant at the time the money or other things of value were advanced, before they would be authorized to convict.    The presence of the intent to defraud at the time the advances are procured, as was pointed out in *Patterson* v. *State,* 1 *Ga. App.* 782 (58 S. E. 254), is the only thing which prevents the punishment for violation of the act of 1903 from being mere imprisonment for debt, and therefore violative of the constitution; and in *Mulkey* v. *State,* 1 *Ga. App.* 521 (57 S. E. 1022), we expressly held that it is the duty of the court to instruct the jury, even in the absence of a written request, that in order to authorize a conviction the intention to cheat and swindle the prosecutor must have existed on the part of the defendant at the time the money was advanced.    Upon a review of the charge we find that this principle, while perhaps hinted at, was not clearly presented in the charge of the court; and we are therefore of the opinion that the defendant should have another trial.

2.  It seems that the accused was advanced thirty cents worth of meal, fifty cents worth of meat, five cents worth of salt, five cents worth of tobacco, ten cents worth of rice.    It was also claimed that the prosecutor advanced him $27.25 in money.    As to $20 of this sum it is very apparent that it was not advanced with any reference to the contract.    The prosecutor testified that he "found that another fellow had credited him for $20, and he paid him out —that this $20 was paid after the trade was made."    Explanatory of this testimony Mr. Wells testified, that, on Monday following the Friday night when the trade was made between the prosecutor and the defendant, a Mr. Gardner from Worth county came and said he was going to have the defendant arrested.    Wells testified,

that, rather than have Shepherd arrested, he said to Shepherd that he would pay the money for him, and he asked the defendant, if Fletcher (the prosecutor) did not pay it, if he would work it out with him (Wells). The defendant agreed that if Wells would advance the money to pay Gardner, he would work it out with Wells; and a contract to that effect was drawn up. When Fletcher came up he asked the defendant if he would work it out, and, upon his replying that he would, Fletcher paid Wells the $20 which the latter had advanced at the defendant's request. It is apparent from this testimony in regard to the $20 that it was originally advanced by Wells, and not by Fletcher; that the defendant had already bound himself to Wells to work it out, in some manner and for some period of time not disclosed (because the contract between Wells and the defendant is not in evidence), and it appears, from the inquiry of the prosecutor as to the defendant's working it out, that this advance merely afforded the basis of another and different contract from the one originally made. However this may be, as the attention of the jury was not called specifically to the fact that at the time of the advancement there must be an intention to defraud the party who is shown to have sustained loss and damage, a new trial (regardless of other matters) must result.

*Judgment reversed.*