### 4378.  SOLOMON *v.* THE STATE.

1. An accusation under section 715 of the Penal Code of 1910, which alleges that the accused contracted "to do the work of a one-horse farm" for the prosecutors, who were to furnish the live stock, the farming implements, and a half of the guano, and the accused was "to receive half he made" on the farm, except the cottonseed, sufficiently sets forth a contract to perform services, within the meaning of the section of the code under which the accusation was drawn.

2. The evidence demanded a verdict of not guilty, and the court erred in overruling the motion for a new trial.
                    DECIDED OCTOBER 22, 1912.

Accusation of cheating and swindling; from city court of Americus—Judge Harper. July 2, 1912.

*Hollis Fort,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

POTTLE, J. 1. By demurrer to the accusation the point is made that the court will judicially know that one man can not do all the work of a "one-horse farm;" that the contract was really one where the accused was to furnish and pay for labor for the benefit of the prosecutors, and that the case is within the principle of the decision in *Coleman* v. *State,* 6 *Ga. App.* 398 (4), (65 S. E. 46). Our view as to this point is sufficiently indicated in the headnote.

2. The accused worked with the prosecutors as a cropper in 1911. He made about thirteen bales of cotton that year, besides some corn and fodder. In November of that year he brought two bales of cotton to market, and wanted $13, which the prosecutors let him have upon his promise to work for them again in 1912. In December, 1911, one of the prosecutors saw the accused and asked him what he was going to do the next year, and his reply was that he did not know until he ran up his account and knew what he owed the prosecutors. The prosecutor then stated that he could not tell what the accused owed until the crop had been fully gathered, but that he knew the crop would not pay him out.

The warrant was sworn out on January 8, and the crop was not fully gathered till January 23. When the crop was gathered and sold it appeared that the accused still owed a balance of $50, including the $13 advanced. The accused claims that when he brought the two bales of cotton to market he asked the landlord to let him have $15 on the cotton, and he refused, but did let him have $13. This is not disputed by the landlord. The account against the accused amounted to over $700, including an old balance of $77, which was brought over from 1910. The accused owed only $50 when the crop was finally gathered and sold. At the time the $13 was advanced neither the landlord nor the accused knew how the account stood, nor how much the accused would owe.

Taking the evidence altogether, we do not think it was shown that any fraudulent intent existed at the time the money was advanced, and the conviction must be set aside. *Mulkey* v. *State,* 1 *Ga. App.* 521 (57 S. E. 1022).　　　　　　*Judgment reversed.*