*J. L. Mayson, W. D. Ellis Jr.,* contra.

---

## 6366.  GATLIN v. THE STATE.

WADE, J.  1. "In a prosecution for a violation of the 'labor-contract act' [Penal Code 1910, § 715], the State, to complete its presumptive case, must show that there was no good reason why the contract was not performed, or no good reason why the accused did not return the money advanced to him. Without this proof the case for the State is incomplete, because the prosecution has failed to create the evidentiary presumption necessary to rebut the presumption of innocence." *Lewis* v. *State*, 15 *Ga. App.* 406 (83 S. E. 439). It does not affirmatively appear in this case that the failure to perform the services contracted for or to return the money advanced was without good and sufficient cause.

2. Before one can be lawfully convicted of a violation of the "labor-contract act," supra, it is necessary to show that there was a distinct and definite contract for service, showing not only when the term of service shall begin and end, but all other necessary particulars thereof. *Wilson* v. *State*, 124 *Ga*. 22 (52 S. E. 82); *Presley* v. *State*, 124 *Ga*. 446 (52 S. E. 750); *Watson* v. *State*, 124 *Ga*. 454 (52 S. E. 751). And where it is alleged that the labor was to be performed on the turpentine farm of another in a named county, the particular farm must be so located and identified by the evidence as to establish a contract to labor on a certain and definite farm of this character, in order to show that there was

such a contract between the parties as would afford a basis for the prosecution; or in other words, that the minds of the parties met as to the particular turpentine farm where the work contracted for was to be performed.

3. Under the rulings in *Thorn* v. *State*, 13 *Ga. App.* 10-13 (78 S. E. 853), *Solomon* v. *State*, 14 *Ga. App.* 115 (80 S. E. 215), and *Lewis* v. *State*, supra, the contract as set out in the indictment in the case under consideration was too indefinite to be the basis of a criminal prosecution; and while there was no demurrer by the defendant, nevertheless the evidence for the State was insufficient to warrant a conviction, inasmuch as it failed to show upon what particular "turpentine farm" belonging to the prosecutor and located in the county named the defendant agreed to cut boxes at a stipulated price between certain alleged dates.

4. The identity of the particular farm whereon it was alleged the accused contracted to work was not directly established by evidence, nor did it appear that the defendant ever began his labors thereon, and thus sufficiently recognized, identified, and agreed to the particular farm on which the labor was to be performed, as in the case of *Mitchell* v. *State*, 15 *Ga. App.* 804 (2) (84 S. E. 205).

5. Under the rulings above, it is unnecessary to discuss or pass upon the remaining specific assignments of error.          *Judgment reversed.*

DECIDED APRIL 20, 1915.

Accusation of misdemeanor; from city court of Dublin—Judge Hicks. January 12, 1915.

*R. Earl Camp,* for plaintiff in error.

*S. P. New, solicitor,* contra.