7033. SIMMONS *v.* THE STATE.

RUSSELL, C. J. 1. Intent to defraud is the paramount, controlling, and ever-essential element which determines the guilt of one accused of a violation of the "labor-contract law" as embodied in sections 715 and 716 of the Penal Code. It is the duty of the court, even in the absence of a written request, to instruct the jury that in order to authorize the conviction of one accused of a violation of this act, the intention to cheat and swindle the prosecutor must have existed on the part of the defendant at the time the money was advanced. Failure so to charge

the jury is reversible error. *Shepherd* v. *State,* 8 *Ga. App.* 114 (1) (68 S. E. 652) ; *Porter* v. *State,* 6 *Ga. App.* 770 (65 S. E. 814), and cit.

2. The burden of proving that one accused of a violation of section 715 of the Penal Code did not have good cause for quitting the hirer rests upon the prosecution (*Thorn* v. *State,* 13 *Ga. App.* 10 (2), 13, 78 S. E. 853) ; and in the present case this essential proof was not furnished by the hirer's testimony that the accused "did not have any reason for not returning the money or picking the cotton." This statement was a mere opinion or conclusion, not supported by proof of sufficient facts to give it probative value. *Swilley* v. *State,* 14 *Ga. App.* 15 (80 S. E. 31) ; *Mobley* v. *State,* 13 *Ga. App.* 730 (79 S. E. 907).

3. The court erred in overruling the motion for a new trial.

*Judgment reversed.*

DECIDED MAY 2, 1916.

Accusation of cheating and swindling; from city court of Millen—Judge T. L. Hill. October 18, 1915.

*G. C. Dekle,* for plaintiff in error.