## 9853. ASHLEY v. THE STATE.

BROYLES, P. J. 1. The court did not err in overruling the demurrer to the accusation. .

2. In a prosecution for violation of the "labor-contract act" of 1903 (Penal Code; § 715), the burden of proving that the accused did not have good cause for his failure to carry out his contract is upon the State; and in the instant case this burden was not carried by the testimony of the hirer that the accused "had no good and sufficient reason" for not performing the services agreed upon, or for not returning the articles of value advanced by the hirer upon the strength of the contract. This statement amounted to a mere opinion or conclusion of the witness, which was not supported by proof of sufficient facts to give it probative value. Simmons v. State, 18 Ga. App. 65 (88 S. E. 800), and cit.

3. For the reason given above, the verdict was not authorized by the evidence, and the court erred in refusing to grant a new trial.

Judgment reversed. Bloodworth and Harwell, JJ., concur.

DECIDED OCTOBER 8, 1918.

Accusation of misdemeanor; from city court of Eastman—Judge Griffin. March 2, 1918.

The accusation charged that on November 25, 1916, in Dodge county, Mack Ashley fraudulently contracted with J. J. Cadwell to perform for him services as a share-cropper on halves on a certain two-horse farm on lot of land No. 176 in the 13th district of that county, being the same farm on which said Ashley lived during the year 1916, it being contracted between them that the said Cadwell as landlord would furnish the mules, farming tools, and a half of the fertilizers and all necessary provisions for the use of said Ashley and his family, "and the said Mack Ashley obligated to furnish one half the fertilizer and the necessary labor to make and gather the crop, and was to receive one half the crop made on said farm as his compensation, the said Mack Ashley agreeing to perform said services as such cropper during and for the year 1917, to begin January 1st, 1917, and to end December 31st, 1917, the said Mack Ashley so contracting with intent to procure money and other thing of value thereby, and with intent not to perform the services contracted for, to the loss and damage of the hirer; the said J. J. Cadwell then and there, on the strength of the contract so entered into with the said Mack Ashley, advanced said Mack Ashley" on November 25, 1916, and on given dates in December, 1916, certain described articles of clothing and provisions, of stated values, itemized, of the total value of $7.23; "and the said Mack Ashley has failed to perform the services so con-

tracted for, and has failed to return the things of value enumerated above, so advanced, with interest thereon at the time said labor was to be performed, without good and sufficient cause, and to the loss and damage of the said J. J. Cadwell, hirer aforesaid, in the said sum of $7.23; and the said Mack Ashley did obtain the aforesaid merchandise with the intent not to perform. the labor contracted for; the above-mentioned crops to consist of a two-horse farm, one half to be planted in cotton and the other half in corn and velvet beans; contrary to the laws of said State," etc.

The demurrer was on the grounds: (1) No crime is charged. (2) The alleged contract is too vague, uncertain, and ambiguous to meet the requirements of the law. (3) The description of the place is too indefinite. (4) It is not clearly enough alleged whether the accused is being prosecuted under the first or the second division of the statute as to cheating by contract to perform services.

*S. P. New,* for plaintiff in error.

*J. H. Roberts, solicitor pro tem.,* contra.