## 12014. CRAYTON *v.* THE STATE.

BROYLES, C. J. 1. Before exceptions pendente lite can be considered by this court, error must have been assigned in the main bill of exceptions *upon the exceptions pendente lite,* and not merely *upon the judgment complained of* in the exceptions pendente lite, or such an assignment must be made, by the permission of this court, before the argument of the case here. *Ponder* v. *State,* 25 *Ga. App.* 768 (105 S. E. 318), and authorities cited. Under this ruling the bill of exceptions in the instant case contained no proper assignment of error upon the exceptions pendente lite, and they therefore cannot be considered.

2. The amendment to the motion for a new trial is without merit.

3. In a prosecution for violation of the "labor-contract act" of 1903 (Penal Code of 1910, § 715), the burden of proving that the accused did not have good cause for his failure to carry out his contract is upon the State; and this burden is not carried by the testimony of the hirer that the accused had no good and sufficient reason for not performing the services agreed upon, or for not returning the articles of value advanced by the hirer upon the strength of the contract. Such testimony amounts to a mere opinion or conclusion of the witness, and is worthless unless supported by proof of sufficient facts to give it probative value. *Ashley* v. *State,* 22 *Ga. App.* 626 (917 S. E. 82). Under this ruling and the facts of the instant case, the verdict was not authorized by the evidence, and the court erred in overruling the motion for a new trial.

           *Judgment reversed. Luke and Bloodworth, JJ., concur.*

           DECIDED MARCH 8, 1921.

Accusation of cheating and swindling; from city court of Sparta — Judge Lewis. November 12, 1920.

On the ground that an opinion as to what had been proved was expressed by the court in the phrase, " $3 was received by the defendant in this case, at the time he did receive it, " the defendant, in an amendment to the motion for a new trial, alleged

that the court erred in charging the jury that before they would be authorized to find the defendant guilty, they " would have to believe that the money charged in this accusation, $3, was received by the defendant in this case, at the time he did receive it, with the intent to defraud the prosecutor. "

*G. L. Dickens,* for plaintiff in error.

*R. L. Merritt, solicitor,* contra.