*John A. Boykin, solicitor-general, E. A. Stephens, R. H. Pharr,* contra.

---

## 15275.  WINTERS *v.* THE STATE.

The contract as set out in the accusation in this case—a prosecution under the "labor-contract law" (Penal Code of 1910, § 715)—was too indefinite to be the basis of a criminal prosecution; and although there was no demurrer by the defendant, the evidence for the State was insufficient to warrant a conviction, as it failed to show upon what particular farm belonging to the prosecutor and in the county named the defendant agreed to work.

DECIDED APRIL 16, 1924.

Accusation of cheating and swindling; from city court of Dawson—Judge Edwards. December 17, 1923.

*R. R. Marlin,* for plaintiff in error.

*W. H. Gurr, solicitor,* contra.

BLOODWORTH, J. The defendant was convicted of violating the "labor-contract law." Because of the nature of this law, and lest it be abused, the courts have been strict in requiring the State to allege and prove those things which, under the statute, are necessary for a conviction. It has been held that the State must show "that there was a distinct and definite contract for service;" that there was no good reason why the contract was not performed, or no good reason why the accused did not return the money advanced to him; that the *particular* place where the labor is to be performed "must be so located and identified by the evidence as to establish a contract to labor at a certain and definite" place; and that the time for such labor must be specifically shown.

Under these rules the evidence in the case under consideration

is in several respects not entirely satisfactory. For example, the prosecutor swore that the defendant did not perform the labor or pay back the money advanced, but neither his testimony nor that of any other witness showed "that there was no good reason why the contract was not performed, or no good reason why the accused did not return the money advanced to him." *Mobley* v. *State,* 4 *Ga. App.* 78 (60 S. E. 803). On the contrary, the prosecutor's evidence, if taken alone, might reasonably be construed as showing a good reason why the defendant could *not* perform his contract of labor or pay back the money advanced; the prosecutor having testified: "Soon after January 1st, when he failed to show up and commence work, I took out a warrant against him and turned it over to Mr. Turner, sheriff of Terrell county. I did not see him any more. I heard afterwards that he was in the chain-gang in Randolph county. I never did see him from the time he was to commence work on January 1st until a few days before he was arrested, and that was just before this accusation was sworn out." Under this evidence the defendant may or may not have been in the chain-gang in January. If he was in the chain-gang he could not perform his contract of labor with the prosecutor. Moreover, since the labor was to be performed in the year 1920, if the prosecutor did not see him "from the time he was to commence work on January 1st [1920] until a few days before he was arrested" in 1923, the prosecutor could not know of his own knowledge whether or not the defendant was able to perform his contract of labor for the year 1920.

The accusation alleges that the defendant was "to work as a wage hand on the crop of Acy Richardson for the year 1920." This is the only description in the accusation of the place where the labor was to be performed. It fails to show the particular location of the farm on which the crop was to be raised, or even the county in which it was located. The evidence discloses the county but fails to locate or identify the farm. Under the ruling in *Gatlin* v. *State,* 16 *Ga. App.* 232 (3) (84 S. E. 973), and cases there cited, the contract as set out in the accusation "was too indefinite to be the basis of a criminal prosecution; and while there was no demurrer by the defendant, nevertheless the evidence for the State was insufficient to warrant a conviction, inasmuch as it failed to show upon what particular  .  . farm belonging to the

prosecutor and located in the county named the defendant agreed" to work. See also *Hurt* v. *State,* 18 *Ga. App.* 144 (1) (88 S. E. 921).

Judgment reversed. *Broyles, C. J., and Luke, J., concur.*