### 16379. MILLER v. THE STATE.

BROYLES, C. J. 1. There is a written motion by the State to dismiss the bill of exceptions upon the ground that "no certificate was filed in the court below upon the filing of the bill of exceptions in this case as required by rule 60 (*a*), par. 6318, of. the rules of superior court." The motion is not sworn to, and no proof (by certificate of the clerk of the trial court or otherwise) is submitted to sustain the averment in the motion. *Held:* Conceding (but not deciding) that a bill of exceptions should be dismissed when it is established by proof that

the required certificate has not been filed, the motion in the instant case is palpably without merit and is denied.

2. "The burden of proving that one accused of a violation of section 715 of the Penal Code did not have good cause for quitting the hirer rests upon the prosecution (*Thorn* v. *State*, 13 *Ga. App.* 10, 78 S. E. 853); and in the present case this essential proof was not furnished by the hirer's testimony that the accused 'did not have any reason for not returning the money or picking the cotton.' This statement was a mere opinion or conclusion, not supported by proof of sufficient facts to give it probative value. *Swilley* v. *State*, 14 *Ga. App.* 15 (80 S. E. 31); *Mobley* v. *State*, 31 *Ga. App.* 730 (79 S. E. 907)." *Simmons* v. *State*, 18 *Ga. App.* 65 (2) (88 S. E. 800). Under this ruling, and the facts of the instant case, the conviction of the defendant was unauthorized, and the court erred in refusing the grant of a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 9, 1925.

Indictment for violating labor-contract law; from city court of Cairo—Judge Rigsby. March 7, 1925.

*W. H. Duckworth,* for plaintiff in error.

*Jeff. A. Pope, solicitor,* contra.