### 16533.　COFER *v.* THE STATE.

A conviction of violation of the "labor contract law" (Penal Code of 1910, § 715) was not authorized by the evidence.

DECIDED JULY 29, 1925.

Accusation of cheating and swindling; from city court of Washington—Judge Sutton. April 13, 1925.

The accusation was based on section 715 of the Penal Code (1910). W. T. Standard, the prosecutor, testified: "Some time during the spring of this year [1923] my son-in-law, Emmett Grenade, brought this boy, Harrison Cofer, to my house, and told me that he had a hand for me. . . The boy went to work and worked as well as any hand I ever had until about the 22d day of April, 1923. I was paying him $16 a month for the rest of the year. It was on Sunday morning he came to me and wanted $10. I told him that I did not have the money, but let him have $5. . . The boy came and fed the stock that morning and was all dressed up. I never saw him again. Later I swore out a warrant for him. He kept up with his wages all the time. At the time he got the $5 I did not refer to my books to see how we stood, as I expected him to work on, and I did not owe him anything. I do not know whether or not he had a good cause for not returning and carrying out his contract. He might have had and I not known it. But I did not give him any cause to leave, and I did not owe him the

$5, and he has not paid it back. He never stated anything about being sick, and must have left as soon as he got the money." The sheriff testified that ten days after the warrant for the arrest of the accused was obtained, he was arrested in Atlanta; that efforts to find him in the county were made as soon as the warrant was sworn out, but he could not be found there.

The defendant, in his statement to the jury, said that when he got the $5 from Mr. Standard he thought that Mr. Standard owed him a good deal more than that, and he still thought so; that Mr. Standard did not tell him that he was ahead of his wages; that sometimes Mr. Standard was very cross and he was afraid of him; that when he got the $5 he meant to go back to Mr. Standard, but he got sick and was sick for some time, and afterwards was afraid to go back; he did not go to Atlanta until some time later.

*William Wynne, Hugh E. Combs,* for plaintiff in error.

*Charles H. Calhoun, solicitor,* contra.

LUKE, J. The defendant was convicted of violating the labor-contract law. The evidence did not authorize his conviction, and for this reason the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*