19510. WOOD *v.* THE STATE.

DECIDED APRIL 9, 1929.

*Ben Smith,* for plaintiff in error.
*H. C. Morgan, solicitor-general,* contra.

BLOODWORTH, J. "In a prosecution for a violation of the 'labor contract act' (Penal Code of 1910, § 715), the State, to complete its presumptive case, must show that there was no good reason why the contract was not performed, or no good reason why the accused did not return the money advanced to him. Without this proof the case for the State is incomplete, because the prosecution has failed to create the evidentiary presumption necessary to rebut the presumption of innocence. *Lewis* v. *State,* 15 *Ga. App.* 406 (83 S. E. 439). It does not affirmatively appear in this case that the failure to perform the services contracted for or to return the money advanced was without good and sufficient cause." *Gatlin* v. *State,* 16 *Ga. App.* 232 (84 S. E. 973). "An essential element of the offense of violating section 715 of the Penal Code (known as the labor-contract act), and one which the State must prove, is that the accused failed to perform the services contracted for, or failed to return the money advanced, 'without good and sufficient cause.'" See *Dixon* v. *State,* 28 *Ga. App.* 374 (111 S. E. 69) and cit. In this case there is no evidence to sustain the essential element of the offense that the defendant refused to carry out his contract without good and sufficient cause. "This essential proof was not furnished by the hirer's testimony that he did not give the defendant any cause to quit. The testimony on this point amounted to no more than an opinion or conclusion, without proof of facts to support

it. Moreover, proof that the hirer did not give the defendant cause to quit would not of itself show that there was no good and sufficient cause." *Durham* v. *State,* 17 *Ga. App.* 810 (88 S. E. 594), and cit. See also *King* v. *State,* 36 *Ga. App.* 272 (136 S. E. 466). The record does not show that this material fact was proved; consequently the conviction of the accused was unauthorized, and the judge erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*