## 26598.   BANTON v. THE STATE.

DECIDED JANUARY 6, 1938.

*L. P. Strickland, James F. Nelson,* for plaintiff in error.
*George L. Smith, 2d, solicitor, John B. Spivey,* contra.

174

GUERRY, J. The Code, §§ 26-7408, 26-7409, makes it a misdemeanor to fraudulently procure money on a contract for services. The purpose of this law "is not to enforce the contract to perform services, but to punish the fraudulent procurement of money, or other thing of value under the contract." *Brown* v. *State*, 8 *Ga. App.* 211 (68 S. E. 865). "Because of the nature of this law, and lest it be abused, the courts have been strict in requiring the State to allege and prove those things which, under the statute, are necessary for a conviction." *Winters* v. *State*, 32 *Ga. App.* 56 (122 S. E. 635). To make a prima facie case the State must prove, among other things, a definite contract (*Sanders* v. *State*, 7 *Ga. App.* 46, 65 S. E. 1071; *Adams* v. *State*, 10 *Ga. App.* 801, 74 S. E. 95; *Starling* v. *State*, 5 *Ga. App.* 171 (4), 62 S. E. 993); that the defendant failed to perform the services so contracted for, without good and sufficient cause (*Simmons* v. *State*, 18 *Ga. App.* 65 (2), 66, 88 S. E. 800; *Ashley* v. *State*, 22 *Ga. App.* 626, 97 S. E. 82; *Crayton* v. *State*, 26 *Ga. App.* 426 (3), 106 S. E. 919; *Johnson* v. *State*, 125 *Ga.* 243 (3), 54 S. E. 184; *Hankinson* v. *State*, 6 *Ga. App.* 793, 65 S. E. 837; *Thorn* v. *State*, 13 *Ga. App.* 10 (2), 78 S. E. 853); and that he failed to return the money so advanced, with interest thereon at the time said labor was to be performed, without good and sufficient cause, and all to the loss and damage to the hirer. *Lewis* v. *State*, 15 *Ga. App.* 405 (3) (83 S. E. 439); *Abrams* v. *State*, 126 *Ga.* 591 (55 S. E. 497); *Coleman* v. *State*, 6 *Ga. App.* 398 (5) (65 S. E. 46); *Mobley* v. *State*, 13 *Ga. App.* 728 (79 S. E. 906). Mere proof that the defendant failed to carry out the contract does not give rise to a presumption that he did so without good and sufficient cause (*Thorn* v. *State*, supra; *Beeman* v. *State*, 17 *Ga. App.* 752, 88 S. E. 408, and cit.), nor is such essential element supplied by statements of the hirer that he knew of no good reason why the laborer did not comply with the contract. *King* v. *State*, 36 *Ga. App.* 272 (136 S. E. 466); *Wood* v. *State*, 39 *Ga. App.* 555 (147 S. E. 780); *Cofer* v. *State*, 34 *Ga. App.* 220 (129 S. E. 110); *Barlow* v. *State*, 42 *Ga. App.* 437 (156 S. E. 641). In the present case the prosecutor testified: "I made a contract with him [the defendant] on January 1, 1937, to work as a farm laborer for the year 1937. I told him I would give him sixty cents a day. He worked for me until sometime about the first of March. A white man came to my place at

that time to pay what George owed me and to move him. George did not go with the man, and went back working for me. The next night, after work, George came to me and said he was going to work for me the rest of the year. Relying on our contract, I let him have three pounds of meat worth sixty cents, five cents worth of salt, five cents worth of pecans, and ten cents worth of smoking tobacco, all of the value of eighty cents. He did not pay me for this, nor did he ever perform any services after receiving these groceries. This happened to the loss and damage of myself in the sum of eighty cents. That night he left my place. I did not see him again until after he was arrested." On cross-examination he testified in part as follows: "He left me about the first of March. Yes, it was on Tuesday night, the night he got the stuff. He worked Monday afternoon and all day Tuesday before leaving. I was paying him sixty cents a day. That was a day and a half. That was ninety cents he made that week. I did not promise to pay George seventy-five cents a day. I promised to pay him sixty cents a day." If the mere showing that the defendant failed to carry out the contract does not authorize a finding that he did so without good and sufficient cause, then we think this essential element of the case is not proved by the evidence. The fact that a white man had come to the place of the prosecutor a day or two before the defendant disappeared, and tried to get the defendant to move, and that a day or two later he did leave, after getting a small advance, does not illustrate anything on this essential point, as suggested by counsel for the State. The evidence shows in this same connection that the defendant would not go with this man at the time, and no connection is shown by the evidence between the visit of the white man and the defendant's subsequent leaving of the prosecutor. The fact that he would not move at that time, but promised to work on for the prosecutor, seems to indicate that he did thereafter have good and sufficient reason to leave the employment of the prosecutor. Furthermore, the evidence does not clearly show that the prosecutor suffered any loss or injury. In the *Abrams* case, supra, it was said: "Where it appears that advances were made, and that the person to whom the advances were made performed a certain amount of service, but the value of such service is not made to appear, the prosecutor fails to carry this burden of proof." The evidence of the prosecu-

tor was that on Tuesday night the defendant obtained the advances and then left his place. However, it appears that he had worked for a day and a half that week, and that "that was ninety cents he made that week." The advance amounted to only eighty cents. The inference most favorable to the defendant, and an inference that the State should have overcome in rebutting the presumption of innocence, was that at the time the advances were made the defendant had done sufficient work under the contract for which he had not been paid to equal in amount the sum advanced. We are therefore of the opinion that the evidence did not support the verdict, and that the judge erred in overruling the motion for new trial.

*Judgment reversed.* *Broyles, C. J., and MacIntyre, J., concur.*