### 26702. ADAMS *v.* THE STATE.

GUERRY, J. 1. "In order to sustain a conviction under the 'labor contract' act of 1903, it must appear that the accused contracted to perform the labor or service himself, not merely to furnish and pay for the labor, and that he has, without good or sufficient cause, failed and refused to carry out his contract." *Johnson* v. *State,* 125 *Ga.* 243 (54 S. E. 184); *Vinson* v. *State,* 124 *Ga.* 19 (52 S. E. 79); *Solomon* v. *State,* 11 *Ga. App.* 764 (76 S. E. 74); *Hankinson* v. *State,* 6 *Ga. App.* 793 (65 S. E. 837); *Coleman* v. *State,* 6 *Ga. App.* 398 (65 S. E. 46). Therefore, under the above ruling, the testimony of the prosecutor, the only witness for the State, substantially that: "I had a contract with him [defendant] to work *a two-horse farm* as a share cropper. . . He was to tend [to?] 62 acres. . . I pointed out to Hill Adams and

designated what house he was to occupy and the lands he was to cultivate, and on the faith of the contract I advanced him $40 in cash. . . He was to furnish one half of the guano and the labor, and I was to furnish the land, the farm stock, the implements and one half the guano, and we were to farm on a fifty-fifty basis. . . He contracted to work a crop, and later he came back and borrowed $40," was not sufficient to support a conviction of a violation of Code, § 26-7408.

2. The ruling made in the above syllabus is in no way in conflict with the ruling made in *Solomon* v. *State*, supra. In that case exceptions were taken to the overruling of a demurrer to an accusation which charged that the accused was "to *do* the work of a one-horse farm."

3. Nor was the testimony of the prosecutor that "I know of no good reason why he did not perform the service or repay the money," sufficient to prove the essential element of the crime—that accused failed to so perform without good and sufficient cause. *Banton* v. *State*, 57 *Ga. App.* 173 (194 S. E. 827), and cit. The verdict is contrary to law, and the judge erred in overruling the motion for new trial.

  *Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

     Decided April 14, 1938.

*Francis F. Shurling, E. L. Rowland,* for plaintiff in error.
*J. W. Claxton, solicitor,* contra.